Luna Law Firm
104 N. Church St
Murfreesboro TN 37130

**CERTIFIED MAIL**



7000 1530 0001 2115 3243

CT Corporation System
300 Montvue Road
Knoxville TN 37919



1000   37919

U.S. POSTAGE
PAID
MURFREESBORO, TN
37130
JUN 14, 18
AMOUNT
**$6.91**
R2304M110353-12

**RETURN RECEIPT REQUESTED**

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 74538 |
|---|---|---|
| **PLAINTIFF** James A. Bunn, Sr. | **DEFENDANT** vs. Navistar, Inc | |

**TO: (NAME & ADDRESS OF DEFENDANT)**

CT Corporation System
300 Montvue Road
Knoxville, TN 37919

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| **Attorney for plaintiff:** (Name, address & telephone number) Nathan Luna, Esq 104 N. Church St Murfreesboro TN 37130 (615) 893-8900 | **DATE ISSUED & ATTESTED** 13 June 2018 MELISSA HARRELL, Circuit Court Clerk BY: Matt S. _____ Deputy Clerk |
|---|---|

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: Matt S. _____ DEPUTY CLERK

| **TO THE SHERIFF:** Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED** Sheriff |
|---|---|

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

Sheriff
BY:

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

Sworn to and subscribed before me on this _____ day of _____, 20_____.

Signature of ☐ Notary Public or ☐ Deputy Clerk

_____

My Commission Expires: _____, 20_____.

Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:     MELISSA HARRELL, Circuit Court Clerk
                 Room 201 Judicial Building
                 20 Public Square North
                 Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
# IN MURFRESBORO

JAMES A. BUNN, SR., )
d/b/a *Bunn Trucking*, )
    Plaintiff, )
                               )
v.                                )    Case No. 74528
                               )
NAVISTAR, INC., )     JURY DEMAND
d/b/a *International Used Truck Center*, )
    Defendant. )

**COPY FILED**
JUN 1 3 2018
10:20 O'CLOCK A M
MELISSA HARRELL, CLERK
MS
DEPUTY CLERK

## COMPLAINT

The plaintiff, for his Complaint against the Defendant, states as follows:

### I. THE PARTIES

1. Plaintiff is a sole proprietor doing business as *Bunn Trucking*, whose principal place of business is located at 336 Spring Street, Wartrace, TN 37183.

2. Defendant is a Delaware Corporation with its principal office located at 2701 Navistar Drive, Lisle, IL 60532, is authorized to do business in the State of Tennessee, and may be served with process to its registered agent C T CORPORATION SYSTEM located at 300 Montvue Road, Knoxville, TN 37919.

3. Defendant operated under the assumed name of *International Used Truck Center*, whose name expired on May 15, 2018.

### II. JURISDICTION AND VENUE

4. The events giving rise to this cause of action occurred in Rutherford County, Tennessee. Specifically, Defendant sold trucks to Plaintiff at 163 Industrial Blvd., La Vergne, TN 37086.

5. This Court is the proper jurisdiction to hear this cause of action pursuant to Tenn. Code Ann. § 16-10-101.

## III. FACTUAL ALLEGATIONS

6. Defendant Navistar is a Delaware Corporation that manufactures heavy duty trucks.

7. Defendant Navistar manufactures International brand (hereinafter referred to as "International") heavy-duty trucks and Maxxforce brand (hereinafter referred to as "Maxxforce") diesel engines.

8. Plaintiff's trucking business relies solely upon the trucks purchased from Defendant to be free from defect and in working order.

9. On April 19, 2017, Plaintiff purchased two International 4300 4X2 trucks from Defendant's dealership. Truck No. 1 is a 2012 4300M7 SBA 4x2 (Vin No. 3HAJTSKL6CL454805) with 183,864 miles at the time of purchase. Truck No. 2 is 2012 4300 SBA 4x2 (Vin No. 3HAJTSKL0CL454802) with 141,229 miles at the time of purchase.

10. Additionally, Plaintiff purchased a warranty for each truck with date of purchase, through System 1 Diamond, with each warranty covering the truck for 24 months or 200,000 miles.

11. At the time of the purchase, the trucks were warranted by the Defendant's agents and personal representative to be free from defects and in perfect working order.

12. Shortly after making the purchase, Plaintiff began to experience numerous breakdowns with both trucks.

13. Specifically, Truck No. 1 required a complete engine replacement within three months of purchase and was out of service for two weeks. After the engine was replaced, problems continued requiring Truck No. 1 to be out of service for several weeks. Since the date of purchase, Truck No. 1 has been out of service for a total of nine months.

14. Similarly, truck No. 2 required a complete engine replacement within four months of purchase. After the engine was replaced, truck No. 2 encountered similar problems requiring it to be

out of service for several additional weeks. Since the date of purchase, truck No. 2 has been out of service for a total on eight months.

15. Plaintiff would show that both trucks have been out of service for several weeks at the same time, which has caused his business "shut down" during those periods.

16. Due to the inoperability of these trucks, Plaintiff lost contracts with Kochlogistics of approximately $133,645.00 between April 22, 2017 and June 1, 2018.

17. The issues with both trucks requiring Navistar repair included, but were not limited to:

   a. repeated instances of check engine lights illuminating;

   b. fuel pump failure;

   c. sensor "shortage" issues;

   d. "knocking" in the engine requiring replacement;

   e. excessive "smoke" and hissing of the engine requiring replacement;

   f. gasket replacement;

   g. clogged hoses;

   h. A/C blower and compressor failure;

   i. complete engine failure;

   j. other failures that prevented the Trucks from operating as warranted.

18. Additionally, Plaintiff experienced extensive delays for several months in getting his trucks repaired due to Defendant's inability or unwillingness to obtain the parts necessary at the service locations required under Plaintiff's warranty.

19. Due to the trucks' unreliability, as well as exceedingly long down time for repairs, Plaintiff has lost a substantial amount of income without the capital necessary to replace Defendant's trucks with ones that may be more reliable.

20. During purchase negotiations, Defendant assured Plaintiff that the trucks were free from defect and suitable to perform the duties for which they were manufactured.

21. Defendant assured Plaintiff that upon purchasing the additional warranty that certified Navistar technicians would be readily available to make all necessary repairs.

22. Upon information and belief, Defendant became aware trucks sold to Plaintiff were inadequate for public distribution.

23. Based upon extensive testing, as well as the large amount of data regarding performance of the engines in Plaintiff's trucks, Defendants were able to accurately predict the problems associated with Plaintiff's trucks prior to the sale of the trucks and warranty.

## IV. CAUSE OF ACTION

24. Plaintiff incorporates the allegations set forth above as though stated verbatim herein.

### BREACH OF EXPRESS WARRANTY

25. Defendant made representations to Plaintiff the trucks sold were of a particular quality, when, in fact, there were of another.

26. During purchase negotiations, Defendant expressly stated trucks were free from defects and suitable to perform the duties for which they were manufactured and sold.

27. In order to induce Plaintiff to purchase Defendant's warranty, Defendant made express representations that Navistar certified technicians would be available to make any repairs quickly and efficiently.

28. Plaintiff relied upon these representations in purchasing the trucks and Warranty.

29. Plaintiff repeatedly notified Defendant of the defects related to the trucks, but Defendants failed to make repairs sufficient to correct the defects.

30. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages including, but not limited to:

    a. Loss of profits;

    b. Downtime expenses;

    c. Diminished resale value of the trucks;

    d. Out-of-pocket repair expenses;

    e. Towing expenses;

    f. Rental expenses;

    g. Driver downtime expenses;

    h. Loss of revenue;

    i. Loss of contracts;

    j. Other consequential and incidental damages.

## BREACH OF IMPLIED WARRANTY

31. Defendant made representations to Plaintiff the trucks sold were of a particular quality, when, in fact, there were of another.

32. During purchase negotiations, Defendant impliedly assured Plaintiff that trucks were free from defects and were suitable to perform the duties for which they were manufactured and sold.

33. Regarding the quality and performance of the trucks, Plaintiff relied on the expertise and knowledge of Defendant, as well as assurances implied from their express warranty, that the trucks were fit to be used for a specific purpose for which Plaintiff purchased them.

34. Defendant impliedly assured Plaintiffs vehicles were merchantable.

35. Plaintiff's discovery of the significant problems associated with the trucks led to the discovery the trucks were not merchantable and not fit for the specific purpose for which they were sold in that the trucks had significant problems, as stated in Paragraph 18 *supra*.

36. Plaintiff relied upon the Defendant's implied warranties in making its decision to purchase the trucks.

37. As a proximate result of Defendant's breach of implied warranties, Plaintiff suffered damages as stated in Paragraph 31 *supra*.

## INTENTIONAL MISREPRESENTATION (FRAUD)

38. Plaintiff brings a cause of action for fraud against Defendant for knowingly making false representations of material fact to Plaintiff in connection with purchase of the trucks.

39. Upon information and belief, Defendant provided false information regarding the trucks as follows:

    a. The trucks were free from defects and suitable to perform the duties for which they were manufactured and sold;

    b. Defendant provides certified technicians always on staff to fix any problems in an efficient manner;

    c. Defendant provides trucks that are extensively tested to maximize performance, reliability, and durability;

40. Upon information and belief, Defendant knew these representations were false when they were made or were made with reckless disregard of the truth.

41. If Plaintiff had known of the various issues with these trucks, Plaintiff would not have purchased them and would not have permitted Defendant to continue to work on and repair these defects knowing any repairs would keep the trucks out of service for an extended period of time.

42. Defendant made these misrepresentations with the intent of inducing Plaintiff to purchase the trucks.

43. As a proximate result of Defendants misrepresentations, Plaintiff suffered damages as stated in Paragraph 31 *supra*.

## TENNESSEE CONSUMER PROTECTION ACT

44. Defendant violated the Tennessee Consumer Protection Act when they engaged in unfair, false, misleading, or deceptive acts or practices in the conduct of commerce or trade that Plaintiff relied upon to its detriment.

45. Defendant violated the following provisions of the Tennessee Consumer Protection Act as follows:

   a. Making affirmative representations that the trucks purchased were of a particular standard, quality, or grade despite knowledge that these goods were of another standard, quality, or grade, in violation of Tenn. Code Ann. § 47-18-104(b)(7); and

   b. Making affirmative representations that services, specifically technical and repair services to be provided after sale of the trucks, were of a particular standard, quality, or grade, while providing services of a lower standard, quality, or grade, in violation of Tenn. Code Ann. §47-18-104(b)(7).

## WARRANTY DISCLAIMERS

46. Defendant's acts have rendered all exclusive or limited express warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy defects in Plaintiff's trucks.

47. Plaintiff is entitled to recovery of all damages from Defendant because all warranties have failed their essential purpose.

48. Plaintiff has provided Defendant notice of all defects via personal communication and email. Defendant failed to meet Plaintiff's request for compensation. Defendant has intimate knowledge of the issues regarding Plaintiff's trucks and has received adequate notice of all issues arising from this cause of action.

**WHEREFORE**, Plaintiff requests for the following relief:

I. That process be issued and served upon Defendant in accordance with the Tennessee Rules of Civil Procedure;

II. That a jury of twelve individuals be impaneled to try this action;

III. Compensatory damages;

IV. Punitive damages for Defendant's fraudulent, intentional, reckless, and/or malicious conduct;

V. Alternatively, treble damages, plus attorney's fees, for violation of the Tennessee Consumer Protection Act;

VI. Pre and post judgment interest;

VII. Court costs;

VIII. Such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully Submitted,

Nathan S. Luna, BPR #32230
Stephen W. Pate, BPR #6758
*Attorneys for the Plaintiff*
104 N. Church St.
Murfreesboro, TN 37130
Ph: (615) 893-8920

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing cause in the Circuit Court of Murfreesboro, Tennessee
This 15 day of June 2018
MELISSA HARRELL
Deputy Clerk