# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| JAMES A. BUNN, d.b.a. BUNN TRUCKING,<br><br>   Plaintiff,<br><br>v.<br><br>NAVISTAR INC., d.b.a. INTERNATIONAL USED TRUCK CENTER,<br><br>   Defendant. | Case No. 3:18-cv-0651<br><br>Judge Campbell<br>Magistrate Judge Frensley |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NAVISTAR, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Navistar Inc., d/b/a International Used Truck Center, ("Navistar") submits this memorandum of law in support of its motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), each of the following causes of action from the Complaint in this matter: Breach of Express Warranty; Breach of Implied Warranty; Intentional Misrepresentation (Fraud); and Tennessee Consumer Protection Act ("TCPA") violations, and would show as follows:

## I.    BACKGROUND

On June 13, 2018, Plaintiff filed this action in Rutherford County, Tennessee. Plaintiff served Navistar by certified mail, and its registered agent received the summons and complaint on June 18, 2018. Navistar removed the action to this Court on July 16, 2018. (*See* Dkt. 1.) Navistar now moves to dismiss all claims as-

serted in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as they fail to state a claim on which relief can be granted.

This action arises from claims that Navistar sold Plaintiff two trucks that were allegedly defective and Plaintiff's allegations that Navistar made misrepresentations relating to those trucks. Plaintiff alleges he purchased two used International 4300 4X2 Trucks (the "Trucks") from Navistar on April 19, 2017. (Compl., Dkt. 1-1, ¶ 9.) In connection with the purchase of the Trucks, Plaintiff also alleges he purchased an extended warranty on each Truck. (*See id.* ¶ 10.) Plaintiff asserts that both Trucks required major repairs months after the purchase, and that both trucks have been out of service for extended periods. (*Id.* ¶¶ 13–14.)

## II.   LEGAL ARGUMENT

### A.   Legal Standard Under Which Plaintiff's Claims Must be Evaluated

A plaintiff's complaint must contain a short and plain statement of each claim sufficient to demonstrate an entitlement to relief. *See* Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Under the pleading standard, a plaintiff need not provide extensively detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Complaint's well-pled factual content suffices only if it permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When faced with a Rule 12(b)(6) motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678); *see also Twombly,* 550 U.S. at 570. Courts need not accept as true legal conclusions couched as factual allegations, and mere conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. The plausibility standard requires more than mere consistency with liability: "the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010); *accord Iqbal*, 556 U.S. at 678–79.

Further, under Federal Rule of Civil Procedure 9(b), Plaintiff must plead with "particularity the circumstances constituting fraud." *See also Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). The particularity requirement obligates a plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Id.* at 247. While Rule 9(b) permits general allegations regarding *mens rea*, a plaintiff still must "plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation 'plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). This level of specificity is required to "alert the defendants to the precise misconduct with which

they are charged and to protect defendants against spurious charges of immoral and fraudulent behavior." *Sanderson v. HCA–The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotation marks omitted).

Dismissal of a complaint under Rule 12(b)(6) is appropriate where the factual allegations, even if accepted as true, do not establish a plausible basis for relief under the law. Here, Plaintiff failed to meet the *Twombly/Iqbal* standard of pleading a plausible claim for relief for each of his alleged causes of action. Thus, Navistar moves this Court to dismiss all of the claims asserted.

**B.     Plaintiff's Breach of Express Warranty Cause of Action Must Be Dismissed Because Plaintiff's Pleading Is Insufficient.**

Under the Uniform Commercial Code, an express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." *See* Tenn. Code. Ann. § 47-2-313. Thus, to set forth a plausible claim for breach of an express warranty, Plaintiff must properly plead three elements: "(1) the seller made an affirmation of fact intending to induce the buyer to purchase the goods; (2) the buyer was, in fact, induced by the seller's acts; and (3) the affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty." *Jones v. WFM-Wo Inc.,* 265 F. Supp. 3d 775, 781 (M.D. Tenn. 2017) (quoting *Smith v. TimberPro Inc.*, No. W2016-00757, 2017 WL 943317, at *3 (Tenn. Ct. App. Mar. 9, 2017)).

1.    Plaintiff Fails to Identify the Express Warranties at Issue.

Initially, it is unclear what factual affirmations Plaintiff alleges Navistar made that form the basis of his breach of express warranty claim. Plaintiff alleges

he purchased written warranties for both Trucks, but did not attach copies of the written warranties or the underlying sales contracts. The only warranty term the Complaint alleges is that the Trucks were covered "for 24 months or 200,000 miles," (Compl., Dkt. 1-1, ¶ 10) and any explanation for what was covered or how that term was breached remains unstated. As it stands, the pleading is so deficient, that it is unclear whether Plaintiff alleges any breach of the written warranties he pleaded at all. *See Hafer v. Medtronic Inc.,* 99 F. Supp. 3d 844, 863–64 (W.D. Tenn. 2015) (quoting *Schouest v. Medtronic Inc.*, 13 F. Supp. 3d 692, 707 (W.D. Tenn. 2015) (dismissing plaintiffs' express warranty claim because Plaintiff's complaint "'is missing … a description of what specific warranties [Defendants] made to [Plaintiffs]'")).

## 2. <u>Plaintiff Fails to Establish a Plausible Claim for Relief.</u>

Under the title "Breach of Express Warranty," Plaintiff alleges three representations were made, but states his vague and conclusory allegations in general terms that merely echo the legal standards. Plaintiff alleges Navistar made the following representations regarding the Trucks:

- "Defendant made representations to Plaintiff the trucks sold were of a particular quality, when, in fact, there [sic] were of another." (Compl., Dkt. 1-1, ¶ 25.)

- "Defendant expressly stated trucks were free from defects and suitable to perform the duties for which they were manufactured and sold." (*Id.* ¶ 26.) and

- "Defendant made express representations that Navistar certified technicians would be available to make any repairs quickly and efficiently." (*Id.* ¶ 27.)

Even taking the allegations in the pleading as true, it is not clear that express warranties were created. "Vague assertions of quality do not rise to the level of express warranties." *Barrette Outdoor Living Inc. v. Vi-Chem Corp.,* No. 2:13-cv-289, 2015 WL 12547568, at *8 (E.D. Tenn. August 31, 2015); *see also Coffey v. Dowley Mfg.*, 187 F. Supp. 2d 958, 969 (M.D. Tenn. 2002) (finding an express warranty's creation is "dependent upon the party's intention") *aff'd*, 89 Fed. Appx. 927 (6th Cir. 2003). Without alleging facts "demonstrating that Defendants made any affirmations *specifically* to Plaintiff[s] . . . so as to form the basis of the bargain," each of Plaintiff's breach of warranty claims are insufficient. *See Hafer,* 99 F. Supp. 3d at 863-64 (W.D. Tenn. 2015) (dismissing breach of warranty claims where plaintiffs "failed to adequately allege that such warranties were made.").

Reviewing the alleged representation that "the trucks sold were of a particular quality, when in fact, there were of another," (Compl., Dkt. 1-1, ¶ 25) more closely, it quickly becomes clear that the pleading does not allege enough facts to determine what quality was represented, what quality was received, or whether the representation was made before or after the purchase. Without any allegation that the representation was made prior to the purchase, any inference that it was made to induce action is unwarranted.

The allegation that the Defendant represented that the "trucks were free from defects" (*id.* ¶ 26) similarly lacks factual allegations identifying that the alleged representation was made before the purchase, or that the statement was false when it was made. Allegations that repairs were required after months of use (*see*

*id.* ¶¶ 13–14) do not provide grounds to infer that the allegedly defective condition existed when the representation was made.

The alleged warranty that "certified Navistar technicians would be readily available to make all necessary repairs" suffers from similar flaws. (*See id.* ¶¶ 21, 27.) While Plaintiff includes the conclusory allegation that the representation was made "[i]n order to induce Plaintiff to purchase Defendant's warranty," (*id.* ¶ 27) factual allegations that the representation was false are absent. There are no pleadings referencing the presence or lack of technicians, whether or not they were certified, or any other set of circumstances that would provide grounds for an inference that this warranty was breached. Allegations that the repairs were lengthy do not suffice (*see id.* ¶¶ 13-15), as the Complaint attributes the repair delays "to Defendant's inability or unwillingness to obtain the parts necessary at the service locations required." (*Id.* ¶ 18.)

Even if the allegations were sufficient to show any of these purported warranties were created and were breached, they still do not demonstrate a plausible claim for relief. Plaintiff does not include factual pleadings identifying how he was harmed by any of these alleged inducements. He does not identify any alleged term of "Defendant's warranty" that caused his claimed damages, or how breach of that term relates to any alleged loss. (*See id.* ¶¶ 27, 30.)

### 3. Plaintiff's Failure to Adequately Plead Notice Bars His Claim.

Plaintiff's breach of warranty claim also fails to allege notice as required under the Tennessee Uniform Commercial Code. The absence of notice completely bars

recovery. *See* Tenn. Code. Ann. § 47-2-607(3)(a) ("Where a tender has been accepted … the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy"); *see also Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 806 (Tenn. Ct. App. 2012) (rejecting a buyer's breach of contract claim due to lack of notice under Tenn. Code Ann. § 47-2-607(3)(a)). The Complaint alleges that "Plaintiff repeatedly notified Defendant of the defects related to the trucks," (Compl., Dkt. 1-1, ¶ 29), but does not allege notice was provided of any alleged breach regarding the availability of certified technicians. (*See id.* ¶ 27.)

Judge Learned Hand made the following observation about providing notice:

> The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. The notice "of the breach" required *is not of the facts*, which the seller presumably knows quite as well as, if not better than, the buyer, *but of buyer's claim that they constitute a breach*. The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.

*Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Corp.*, 7 F.2d 565, 566 (2d Cir. 1925); *see also Running Springs Assocs. v. Masonite Corp.*, 680 F.2d 469, 469–470 (6th Cir. 1982) (noting the Sixth Circuit has repeatedly "quoted and relied on" Judge Hand's above statement when interpreting U.C.C. § 2-607). All claims predicated on an alleged breach of warranty without any allegation of notice should be dismissed.

The pleadings here amount to no more than vague, speculative, and conclusory allegations regarding the alleged representations and warranties at issue, the grounds for breach and the provision of notice. As the pleadings lack adequate fac-

tual allegations to show the claims pleaded plausibly constitute grounds for relief, the claims should be dismissed under Rule 12(b)(6).

## C. Plaintiff's Claim for Breach of Implied Warranty Lacks Requisite Elements of Such a Claim.

Plaintiff includes in his Complaint a section titled "Breach of Implied Warranty," but underneath provides only vague and conclusory allegations. It appears, however, that he seeks to assert claims for breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. (*See* Compl., Dkt. 1-1, ¶¶ 33–34.)

Where it applies, the implied warranty of merchantability guarantees that goods "pass without objection in the trade … and … are fit for the ordinary purposes for which such goods are used." Tenn. Code Ann. § 47-2-314(2). "In order to recover under this warranty, the purchaser must show that the goods did not measure up to the requirements of the warranty *at the time they were delivered*." *AutoZone Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 949 (W.D. Tenn. 2010) (emphasis added) (quoting *Dan Stern Homes Inc. v. Designer Floors & Homes Inc.*, No. M2008-0065, 2009 WL 1910955, at *4 (Tenn. Ct. App. June 30, 2009)). The Complaint does not provide any factual allegations that the Trucks were somehow unfit when they were delivered. Instead, the Complaint describes repairs that were allegedly required three to four months after delivery. (Compl., Dkt. 1-1,¶¶ 13–14.) Pleading facts that could possibly be consistent with liability is inadequate; instead, the pleading standard requires a further showing demonstrating entitlement to relief is plausible. *See Iqbal*, 556 U.S. at 678. No such showing is made here.

"[T]o establish an implied warranty of fitness for a particular purpose, the buyer must prove that: (1) the seller knew that the buyer had a particular purpose for which the goods were required; (2) the seller knew that the buyer was relying on the seller's skill or judgment to provide the buyer with goods fit for that particular purpose; and (3) the buyer must have actually relied on the seller's skill or judgment." *Jet Printing LLC v. Deep S. Wholesale Paper Co. Inc.*, No. M2001-02582, 2003 WL 152644, at *4 (Tenn. Ct. App. Jan. 23, 2003). Here, Plaintiff failed to plead any allegation that Navistar had any reason to know the *particular purpose* for which Plaintiff required the Trucks or Navistar had any reason to know that Plaintiff was relying on its skill or judgment, much less any factual allegations in support of such claims.

Plaintiff's allegation that "Plaintiff relied on the expertise and knowledge of Defendant," at best, is only a conclusory assertion of the third required element. (*See* Compl., Dkt. 1-1, ¶ 33.) Tennessee courts are "reluctant to find that a warranty of fitness arises where the buyer is capable of making an independent judgment as to a product's suitability for a purpose." *Barrette,* 2015 WL 12547568, at *9 (finding an implied warranty of fitness was not created where an experienced business "reached its own conclusions" about the suitability of the product at issue). Here, the Complaint refers to Plaintiff as a "sole proprietor" who operates a "trucking business," and lacks any reference to any reason why Plaintiff would be incapable of making his own judgment, or reason Navistar should have known he was unable to do so. (Compl., Dkt. 1-1, ¶¶ 1, 8.)

Plaintiff's breach of implied warranty pleading lacks sufficient factual allegations to show implied warranties were created or breached; thus this cause of action should be dismissed for failure to state a facially plausible claim for relief.

### D. Plaintiff's Intentional Misrepresentation Cause of Action Must Be Dismissed.

Plaintiff's claim for Intentional Misrepresentation (Fraud)[1] should be dismissed for two reasons. First, Plaintiff's claim fails as a matter of law because it is barred by Tennessee's well-settled economic loss doctrine, which precludes tort claims seeking to recover economic losses based on the quality of bargained-for goods. Second, even if it were not barred, Plaintiff's fraud claim should be dismissed as it fails to meet the pleading standards of Rules of Civil Procedure 8 and 9(b).

#### 1. Plaintiff's Fraud Claim Is Barred by the Economic Loss Doctrine.

Plaintiff's fraud claim should be dismissed with prejudice because it is barred by Tennessee's economic loss doctrine. Plaintiff asserts that Navistar misled Plaintiff about the quality of the Trucks that Plaintiff contracted to buy, and that Plaintiff suffered economic losses as a result. (*See* Compl., Dkt. 1-1, ¶¶ 30, 39.) Plaintiff's fraud claim here falls squarely within the scope of the economic loss doctrine and, accordingly, it fails as a matter of law.

Tennessee courts have repeatedly made clear that such claims may only be brought as *contract* claims, and not under theories of *tort* liability: "In a contract for the sale of goods where the only damages alleged come under the heading of eco-

---

[1] The Tennessee Supreme Court described "intentional misrepresentation" and "fraud" as "different names for the same cause of action." *See Hodge v. Craig,* 382 S.W.3d 325, 342–43 (Tenn. 2012). Navistar uses the terms interchangeably herein.

nomic losses, *the rights and obligations of the buyer and seller are governed exclusively by the contract.*" *Trinity Indus. Inc. v. McKinnon Bridge Co.,* 77 S.W.3d 159, 171 (Tenn. Ct. App. 2001) (emphasis added) *abrogated on other grounds by Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102 (Tenn. 2016). The Court explained that the doctrine "draws the line between tort and warranty by barring recovery for economic losses in tort actions," and thereby helps "to avoid the 'coming collision between warranty and contract on the one hand and the torts of strict liability, negligence, fraud and misrepresentation on the other.'" *Id.* (quoting James J. White & Robert S. Summers, *Uniform Commercial Code* § 10–5, at 580 (4th ed. 1995)).

Tennessee's economic loss doctrine has deep roots in decades of precedent, and squarely forecloses Plaintiff's fraud claim here. More than 40 years ago, in *Mid-South Milling Co. v. Loret Farms Inc.*, 521 S.W.2d 586 (Tenn. 1975), the Tennessee Supreme Court addressed claims of "negligence, fraudulent misrepresentation, [and] breach of express and implied warranties" relating to the quality of commercial poultry meal. *Id.* at 588–89. Like Plaintiff here, the *Mid-South* plaintiffs alleged that the defendant misrepresented the "quality and character" of the goods at issue, and that they suffered financial harms as a result. *Id.* at 588. The *Mid-South* Court held that the plaintiffs' claims—including fraudulent misrepresentation—could proceed only under a contract theory. *Id.* at 589. The Court noted that "we must view the lawsuit in the light of what it really is," and that the plaintiff's "real complaint" was that the defendant had breached its warranty by providing substandard goods. *Id.* at 588. The Court explained that a "contract may be negligently or fraudulently

breached and the cause of action *remain in contract rather than tort*." *Id*. (emphasis added); *accord Trinity*, 77 S.W.3d at 172.

In 1985, *Perryman v. Peterbilt of Knoxville Inc.*, 708 S.W.2d 403 (Tenn. Ct. App. 1985), rejected tort liability again based on fraudulent misrepresentations made in connection with the sale of goods. *Id.* at 406. The facts in *Perryman* were materially identical to those alleged here: the plaintiff purchased a used commercial truck from the defendant truck dealership, the truck's motor failed, and the plaintiff sued the defendant, alleging a "tort theory of fraudulent misrepresentation." *Id.* at 403, 406. Specifically, the plaintiff alleged that the defendant had falsely represented that "the vehicle's motor had just recently been overhauled" and "was completely fit for the purpose of being a long-haul tractor." *Id.* at 404. (*Cf.* Compl., Dkt. 1-1, ¶ 39(a) (alleging that Navistar "provided false information" that the trucks were "suitable to perform the duties for which they were manufactured and sold").) The Tennessee Court of Appeals held that the *Perryman* plaintiff could not bring a tort claim for the alleged fraud and repeated *Mid-South*'s statement that "[a] contract may be negligently or fraudulently breached and the cause of action remain in contract rather than in tort." *Perryman*, 708 S.W.2d at 406 (quoting *Mid-South Milling*, 521 S.W.2d at 588).

Time and again, the Tennessee Supreme Court and Tennessee Court of Appeals have reiterated the economic loss doctrine as a core feature of Tennessee tort law. In *Ritter v. Custom Chemicides Inc.*, 912 S.W.2d 128, 129–33 (Tenn. 1995), for example, the Tennessee Supreme Court confirmed the validity of contract claims—

and rejected the existence of a tort claim—seeking recovery for economic losses based on the sale of allegedly defective goods. The Court explained that "[w]hen a product does not perform as expected, the buyer's remedy should be governed by the rules of contract." *Id.* at 133 n.8; *see also Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.*, 293 S.W.3d 487, 488–91 (Tenn. 2009).

Unsurprisingly, federal courts applying Tennessee law frequently find claims such as Plaintiff's to be barred. Most notably, the Seventh Circuit held that Tennessee would not allow a plaintiff to bring a fraud claim for economic losses that it suffered due to the poor quality of assets it had purchased from the defendant. *CERAbio LLC v. Wright Med. Tech. Inc.*, 410 F.3d 981, 984–87, 993 (7th Cir. 2005). The court quoted *Ritter* for the proposition that "'[w]hen a product does not perform as expected,' … 'the buyer's remedy should be governed by the rules of contract.'" *Id.* at 993 (quoting *Ritter*, 912 S.W.2d at 133 n.8). The Court went on to explain that this principle "followed logically" from the *Mid-South* holding finding even negligent or fraudulent breaches of contract remain contract—not tort—causes of action. *Id.* (quoting *Mid-South Milling*, 521 S.W.2d at 588).

Other federal cases have reached the same conclusion. *See Bryce Co. LLC v. Blue Buffalo Co.*, No. 15-02684, 2016 WL 8376599, at 3 (W.D. Tenn. June 29, 2016) (citing *Trinity* and *Mid-South* when considering dismissal of the plaintiff's fraud claim under Tennessee's economic loss doctrine); *Fish Farms P'ship v. Winston-Weaver Co.*, No. 2:09-cv-163, 2010 WL 1925043, at *3–4 (E.D. Tenn. May 12, 2010) (finding intentional misrepresentation claims were barred due to the economic loss

doctrine under *Ritter* and *Trinity*); *Milner v. Windward Petroleum Inc.*, No. 06-2563, 2007 WL 9706514, at *6 (W.D. Tenn. May 31, 2007) (applying *CERAbio* and dismissing fraud claims because under Tennessee's economic loss doctrine, "where the alleged fraud pertains to the character and quality of the product that is the subject matter of the contract, the remedy lies in contract, not tort.").

Under the Tennessee precedent described above, fraud claims fail as a matter of law if: (1) they involve "a contract for the sale of goods" and (2) "the only damages alleged come under the heading of economic losses." *Trinity*, 77 S.W. 3d at 171. Plaintiff's fraud claim here undisputedly meets both conditions. (*See*, *e.g.*, Compl., Dkt. 1-1, ¶¶ 9, 19, 30, 43 (alleging that "Plaintiff purchased two International 4300 4X2 trucks," that the Trucks were "unreliable," and seeking recovery of only economic losses)). Thus, Plaintiff's fraud claim should be dismissed with prejudice.

2. Plaintiff's Fraud Claim Lacks Sufficient Particularity.

The Complaint's claim for fraud fails to meet either the plausibility standard of Rule 8 or the particularity requirement of Rule 9(b). Tennessee law requires a plaintiff show six elements to make out a claim for intentional misrepresentation:

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

*Walker v. Sunrise Pontiac-GMC Truck Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008). The failure to plead any one of the elements is fatal to the claim, as "fraud is never pre-

sumed, and where it is alleged the facts sustaining it must be clearly made out." *Clippert Med. Sales Inc. v. Smith & Nephew Inc.*, No. 2:16-cv-2564, 2017 WL 7050058, at *3 (W.D. Tenn. Sept. 8, 2017) (quoting *Farrar v. Churchill*, 135 U.S. 609, 615 (1890)).

### a. *Plaintiff Fails to State a Plausible Claim for Relief for Fraud.*

Initially, Plaintiff has not properly pleaded his fraud claim even generally. The Complaint states, "*Upon information and belief*, Defendant provided false information regarding the trucks," (Compl., Dkt. 1-1, ¶ 39) which does not constitute a proper factual allegation. The Sixth Circuit rejects pleadings phrased "upon information and belief," as factual assertions that meet the plausibility standard: "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 551) (affirming dismissal of claims pleaded "under information and belief"). Plaintiff makes only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *see Iqbal*, 556 U.S. at 678, to demonstrate that the alleged representations were false when made; that the representations were material; that the allegedly false representations were made knowingly or recklessly; or that Plaintiff's damages resulted from the specific representations alleged. (*See* Compl., Dkt. 1-1, ¶¶ 38–43.) Cursory allegations, such as these, do not suffice to meet the plausibility pleading standard. *See Darvocet*, 756 F.3d at 931; *Iqbal*, 556 U.S. at 678.

The Complaint fails to identify any statements of fact made by Navistar regarding the Trucks, but instead relies on mere puffery—general descriptions of quality and performance that provide no standard against which to judge their veracity. (*See, e.g.*, Compl., Dkt. 1-1, ¶ 39(c) (alleging that the trucks were "tested to maximize performance, reliability, and durability")) *See Ladd v. Honda Motor Co.,* 939 S.W.2d 83, 100 (Tenn. Ct. App. 1996) (finding "puffing" to be "loose general statements made by sellers in commending their products" that "embody exaggerations, the truth or falsity of which cannot be determined easily, that amount to no more than an expression of the seller's opinions about the character or quality of the product."). "Statements of future intention, opinion, or sales talk are *generally not actionable* because they do not involve representations of material past or present fact." *Power & Tel. Supply Co. v. SunTrust Banks Inc.,* 447 F.3d 923, 931 (6th Cir. 2006) (emphasis added). Alleging that representations were ones "of material fact" is merely a conclusory recitation of the claim's element. (*Cf.* Compl., Dkt. 1-1, ¶ 38.)

Furthermore, the allegations under this cause of action are virtually identical to the alleged "warranties" under Plaintiff's breach of warranty cause of action. Specifically, Plaintiff alleges that "Defendant provided false information" in the following statements which constitute fraud:

- "The trucks were free from defects and suitable to perform the duties for which they were manufactured and sold" (Compl., Dkt. 1-1,¶ 39(a); *compare id.* ¶¶ 26, 32);

- "Defendant provides certified technicians always on staff to fix any problems in an efficient manner;" (Compl., Dkt. 1-1,¶ 39(b), *compare id.* ¶ 27); and

- "Defendant provides trucks that are extensively tested to maximize performance, reliability, and durability." (Compl., Dkt. 1-1,¶ 39(c)).

Without any factual allegations regarding either the warranties or the allegedly fraudulent statements, it is impossible to ascertain whether Plaintiff is identifying separate representations or relying on the same vague statements for both the warranty and fraud claims.[3] Plaintiff cannot merely reframe contractual promises as fraudulent representations and attempt to recast claims of breach of contract or warranty as tort claims. *See, e.g., Calipari v. Powertel Inc.,* 231 F. Supp. 2d 734, 736 (W.D. Tenn. 2002) ("It is well settled law that a tort cannot be predicated on a breach of contract. A tort exists only if a party breaches a duty which he owes to another independently of the contract.").

### b. *Plaintiff Fails to Meet the Particularity Standard Under Rule 9(b).*

Without meeting the plausibility standard, it is unsurprising that Plaintiff also cannot meet the higher particularity standard under Federal Rule of Civil Procedure Rule 9(b), which requires pleading with "particularity the circumstances constituting fraud." "Rule 9(b) is designed, not only to put defendants on notice of alleged misconduct, but also to prevent fishing expeditions … and to narrow potentially wide-ranging discovery to relevant matters." *Republic Bank,* 683 F.3d at 255 (internal quotation marks omitted); *see also Calipari,* 231 F. Supp. 2d at 736 (stating the "threshold inquiry" for fraud claims is whether "the complaint places the defendant on sufficient notice of the misrepresentation, allowing defendants to an-

---

[3] Should Plaintiff claim that his fraud claim arises from any other alleged representations, Navistar notes any such allegation is also subject to both the *Twombly/Iqbal* plausibility standard and the heightened requirements of Rule 9(b). (*Cf., e.g.,* Compl., Dkt. 1-1, ¶¶ 20–21, 25–27, 31–32, 34, 45.)

swer, addressing in an informed way plaintiff's claim of fraud."). Meeting this standard requires Plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank,* 683 F.3d at 247. The Complaint clearly fails to meet this heightened standard.

Plaintiff fails to identify any specific statements made regarding the Trucks, and is utterly silent on who made these representations and when they were made. Generalized allegations, such as these, are wholly insufficient to satisfy the heightened pleading requirements under Rule 9(b). *See, e.g., id.* at 253 ("Nowhere does [the complaint] indicate when, where, or to whom the alleged misstatement was made. This defect is fatal."); *Hagen v. U-Haul Co. of Tenn.,* 613 F. Supp. 2d 986, 996 (W.D. Tenn. 2009) (dismissing under Rule 9(b) a fraud claim where "the form of the misrepresentation remain[ed] unclear" and gave only the general topic of "the content of the misrepresentations"); *Calipari,* 231 F. Supp. 2d at 736 (dismissing a fraud claim where pleadings lacked "any indications" identifying when or where "the alleged fraud occurred, or the content of the alleged misrepresentation.").

In addition to lacking particularity on the who, what, when, and where of the alleged fraudulent scheme, the Complaint does not provide any insight into how, even if these statements were false, they give rise to fraud. While Rule 9(b) allows that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," this more lenient standard still does not permit a claimant to

rely on speculation or conclusory allegations. *See Republic Bank,* 683 F.3d at 254; *see also Shields v. Citytrust Bankcorp Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Here, speculative and conclusory allegations that "Defendant became aware" (Compl., Dkt. 1-1, ¶ 22) of alleged issues with the Trucks, without noting who was aware, when they were aware, or the nature of their knowledge, clearly do not suffice. *See Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir. 2001) (rejecting under Rule 9(b) "[g]eneralized and conclusory allegations that the Defendants' conduct was fraudulent"). Speculative allegations that Navistar was somehow "able to accurately predict" future issues with the Trucks, months before they occurred, similarly cannot meet the particularity or plausibility requirements. (*Cf.* Compl., Dkt. 1-1, ¶23.) *See Republic Bank,* 683 F.3d at 254; *Iqbal,* 556 U.S. at 678. Moreover, the use of the same statements to support Plaintiff's breach of warranty claim indicates that Plaintiff's Complaint properly sounds in contract, not tort. *See Calipari,* 231 F. Supp. at 736.

Reliance must also be pleaded with particularity. *See Shipwash v. United Airlines Inc.,* 28 F. Supp. 3d 740, 750 (E.D. Tenn. 2014) (quoting *Evans v. Pearson Enters.,* 434 F.3d 839, 852–53 (6th Cir. 2006)). For a fraud claim, whether reliance is reasonable is evaluated based on the guiding principle:

> [W]here the means of information are at hand and equally accessible to both parties so that, with ordinary prudence or diligence, they might rely on their own judgment, generally they must be presumed to have done so, or, if they have not informed themselves, they must abide the consequences of their own inattention and carelessness.

*City of Morristown v. AT&T Corp.*, 206 F. Supp. 3d 1321, 1336 (E.D. Tenn. 2016). Here, the Complaint lacks any factual pleading demonstrating reasonable reliance. To the contrary, Plaintiff does not even allege that he reasonably relied on any of the alleged representations, much less allege facts that would permit an inference that his reliance was reasonable. General allegations that a defendant supplied false information that a plaintiff relied on are not sufficient to avoid dismissal. *See, e.g., Shipwash,* 28 F. Supp. 3d at 751 (dismissing claims based on an "insufficient" complaint that "merely contains unsupported assertions and conclusions").

Plaintiff's Intentional Misrepresentation cause of action should be dismissed for failure to satisfy the particularity standard under Rule 9(b) and for failing to properly state a claim for relief under Rule 12(b)(6).

### E. Plaintiff's Tennessee Consumer Protection Act Cause of Action Must Be Dismissed Because Plaintiff's Pleading is Insufficient.

Plaintiff pleads factual allegations that are inconsistent with a claim for recovery under the TCPA, for at least two reasons.

First, the alleged misconduct does not constitute a violation of the TCPA, as the plain language of that statute makes clear. Plaintiff alleges that Navistar made representations about the Trucks in violation of Tennessee Code Annotated Section 47-18-104(b)(7), which prohibits "[r]epresenting that *goods* . . . are of a particular standard, quality or grade, . . . if they are of another." *Id.* (emphasis added). (*See also* Compl., Dkt. 1-1, ¶ 45(a).) The TCPA statutorily defines "goods," for relevant purposes, as "any tangible chattels leased, bought, or otherwise obtained for use by an individual *primarily for personal, family, or household purposes.*" Tenn. Code

Ann. § 47-18-103(7) (emphasis added). Under the statute, Plaintiff must therefore show that the Trucks were bought *primarily* for personal, family, or household use.

That condition is obviously not satisfied here. Tennessee courts regularly interpret the exact phrase at issue—"personal, family or household purposes"—and routinely have held that goods acquired for use in a commercial business do *not* constitute goods acquired for "personal, family or household purposes" in a variety of statutory contexts.[4] As one court applying Tennessee law explained, "buyers who utilize goods for business purposes are differentiated from buyers of more personalized items"—*i.e.*, items "bought primarily for personal, family, or household use." *Int'l Harvester Credit Corp. v. Hill*, 496 F. Supp. 329, 334 (M.D. Tenn. 1979) (applying Tenn. Code. Ann. § 47-9-109, and holding that an industrial tractor was not a good for "personal, family, or household use"). Plaintiff's Complaint makes clear that the Trucks here were purchased for business use: "Plaintiff's *trucking business* relies solely upon the trucks purchased from Defendant." (*See* Compl., Dkt. 1-1, ¶ 8 (emphasis added); *see also id.* ¶¶ 16, 19.) Taking the allegations as true, as the Court must, Plaintiff has pleaded facts inconsistent with recovering for deceptive misrepresentations concerning goods under Section 47-18-104(b)(7).

---

[4] *See, e.g.*, *Xerox Corp. v. Digital Express Graphic LLC*, No. M2006-02339, 2008 WL 2278492, at *7 (Tenn. Ct. App. May 22, 2008) (applying federal Magnuson-Moss Warranty—Federal Trade Commission Improvement Act); *Davenport v. Bates*, No. M2005-02052, 2006 WL 3627875, at *12 (Tenn. Ct. App. Dec. 12, 2006) (applying Tenn. Code Ann. § 47-9-102(a)(23) (2001)); *Naifeh v. Valley Forge Life Ins. Co.*, No. 2003-02800, 2005 WL 1073647, at *12 (Tenn. Ct. App. May 5, 2005) (applying 15 U.S.C. § 1693(a)(2)), *aff'd in part, rev'd in part on other grounds*, 204 S.W.3d 758 (Tenn. 2006); *Thornton v. Countrywide Home Loans, Inc.*, Nos. W1999-02086, 2000 WL 33191366, at *5 (Tenn. Ct. App. Oct. 23, 2000) (applying federal Truth in Lending Act); *First Tenn. Bank Nat'l Ass'n v. Davis*, No. 03A01-9502-CH-00070, 1995 WL 434661, at *1 (Tenn. Ct. App. July 25, 1995) (applying federal Truth in Lending Act).

Similarly, the Complaint includes allegations inconsistent with recovery under the TCPA regarding complaints about the quality of "technical and repair services" at issue. (*Id.* ¶ 45(b).) Plaintiff alleged that he purchased a warranty for the Trucks (*id.* ¶ 10) and alleged that repairs were made (*id.* ¶¶ 13–14, 17). As the Tennessee Court of Appeals has repeatedly found, "breach of contract and violation of the TCPA are two different actions, and proof of the existence of one does not necessarily establish existence of the other." *Anderson v. Lamb's Auto Serv. Inc.*, No. W2008-01305, 2009 WL 1076729, at *4 (Tenn. Ct. App. Mar. 5, 2009). Establishing a separate TCPA claim would require proof "that there was some deception, misrepresentation or unfairness, regardless of any breach of contract." *Id.* (quoting *Hall v. Hamblen*, No. M2002-00562, 2004 WL 1838180, at *4 (Tenn. Ct. App. 2004)). Here, Plaintiff relies on the same vague statements to support his warranty claims, fraud claims, and TCPA claims, and lacks any allegation distinguishing any alleged misrepresentations that were made outside the contractual agreements between the parties, so as to establish a right to relief under the TCPA.

Second, Plaintiff has not pleaded either of his TCPA claims with sufficient particularity. TCPA claims are "subject to the higher pleading standard under Rule 9(b)" and to meet that standard, the pleading "must set forth specific fraudulent or deceptive acts rather than general allegations." *Bridgestone Am.'s Inc. v. Int'l Bus. Machs. Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (internal quotation marks omitted). "In order to recover under the TCPA, a plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act; and (2) that the defend-

ant's conduct caused an 'ascertainable loss of money or property.'" *Audio Visual Artistry,* 403 S.W.3d at 810 (internal citation and alterations omitted) (quoting Tenn. Code Ann. § 47-18-109(a)(1)).

Here, Plaintiff makes the bald assertion that "Defendants violated the [TCPA] when they engaged in unfair, false, misleading, or deceptive acts or practices in the conduct of commerce or trade that Plaintiff relied upon to its detriment." (Compl., Dkt. 1-1, ¶ 44.) Plaintiff makes no reference to any ascertainable losses, or the cause of those losses. As previously discussed, such conclusory statements and "threadbare recitals" are inadequate under even the plausibility pleading standard, *see Iqbal*, 556 U.S. at 678, much less under the particularity standard of Rule 9(b). *See, e.g.*, *Republic Bank*, 683 F.3d at 253.

The only other allegations under this cause merely parrot statutory language alongside vague claims that Navistar made representations regarding the Trucks and repair services that were violations. (Compl., Dkt. 1-1, ¶ 45.) Without identifying the representations, who made them, when they were made, or where they were made, the pleading is clearly deficient under the heightened Rule 9 standard. *See, e.g.*, *Sony/ATV Music Publ'g LLC v. 1729172 Ontario Inc.*, No. 3:13-cv-01196, 2016 WL 4239920, at *5 (M.D. Tenn. Aug. 11, 2016) (rejecting TCPA claims relying on "a mechanical recitation of the statutory elements" without specifying the alleged misrepresentations, and finding the pleadings "suspect under Rule 8 and woefully inadequate under Rule 9(b)'s heightened pleading standard"); *McKee Foods Corp. v. Pitney Bowes, Inc.,* No. 1:06-cv-80, 2007 WL 896153, at *5 (E.D. Tenn. Mar. 22,

2007) (dismissing claim where "Plaintiff's Complaint fails to specify the time and place of the Defendant's alleged TCPA violations" under Rule 9(b)).

The fact that problems allegedly occurred is not enough to show that the TCPA was violated. *See Audio Visual Artistry,* 403 S.W.3d at 811. Nor may Plaintiff rely on incorporating his fraud pleading as a substitute for adequate pleading under this cause of action, because the fraud claim itself fails to clear the pleading standards' bar. *See, e.g., Messer Griesheim Indus. Inc. v. Cryotech of Kingsport Inc.,* 131 S.W.3d 457, 469 (Tenn. Ct. App. 2003) (finding that a plaintiff's failure to establish that a statement was "a deceptive act" under the fraud standard also bars a TCPA claim based on the same statement). Plaintiff has failed to adequately plead a claim for relief under the TCPA, and this cause of action is properly dismissed.

## III. CONCLUSION

For the foregoing reasons, Navistar respectfully requests that the Court dismiss each of Plaintiff's causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

s/ Paul J. Krog
Eugene N. Bulso, Jr. (Tenn. No. 12005)
Paul J. Krog (Tenn. No. 29263)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
615-780-4110
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Navistar Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed via the Court's ECF system, which is expected to deliver a copy via electronic means to the following:

Stephen W. Pate
Nathan Luna
104 N. Church St.
Murfreesboro, TN 37130
615-893-8920

on this, the 23d day of July, 2018.

s/ Paul J. Krog
Paul J. Krog