IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES A. BUNN <br> d/b/a Bunn Trucking, <br> Plaintiff | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 3:18-0651 <br> Judge Campbell/Frensley |
| NAVISTAR, INC. <br> Defendant | ) <br> ) <br> ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Plaintiff, James A. Bunn, pursuant to Local Rule 7.01(a)(3), files this Response in Opposition to Defendant's Motion and Memorandum of Law, and in support thereof, would show as follows:

**I.    BACKGROUND**

Plaintiff would show that the procedural background set forth in Defendant's Memorandum of Law is adopted herein by reference pursuant to Federal Rule of Civil Procedure 10(c).

**II.    LEGAL ARGUMENT**

Plaintiff would show that the legal standard set forth in Part II.A. of Defendant's Memorandum of Law is the correct standard and is adopted herein by reference pursuant to Federal Rule of Civil Procedure 10(c).

Specifically, the issue in Defendant's motion is whether the Court, in construing the Complaint in the light most favorable to the Plaintiff, drawing all reasonable inferences that the Defendant is liable for the misconduct alleged, contains a short and plain statement of each claim

sufficient to demonstrate an entitlement to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *See* Fed. R. Civ. P. 8(a).

### A. Plaintiff's Breach of Express Warranty Cause of Action Contains Sufficient Pleadings to Survive Defendant's Rule 12(b)(6) Motion

Plaintiff would show that the three (3) elements required to prove breach of express warranty are properly set forth in Defendant's Memorandum of Law and are adopted by reference herein pursuant to Federal Rule of Civil Procedure 10(c).

#### 1. Plaintiff's Pleadings Provide Sufficient Affirmations of Fact Made by Defendant to Induce Plaintiff to Purchase the Trucks and Warranty

Pursuant to the first requirement for Breach of Express Warranty, the Defendant's agents made affirmations of fact that the trucks purchased by Plaintiff were "in perfect working order" and "free from defects" (Compl., Dkt. 1-1 ¶ 11). Additionally, Defendant's purchase of the written warranty was upon affirmations made by Defendant's agent that "certified Navistar technicians would be readily available to make all necessary repairs" (Compl., Dkt. 1-1 ¶ 21).

Defendant is correct in their averment that the pleadings are not sufficient to establish a claim for breach of the written warranty purchased by the Plaintiff. Plaintiff's averments in the Complaint clearly indicate Plaintiffs were induced to purchase the trucks, as well as the written warranty, based upon the affirmations of fact made by Defendant (Compl., Dkt. 1-1 ¶ 11, 21, 28).

#### 2. Plaintiff's Pleadings Provide Sufficient Averments to Indicate Plaintiff was Induced to Purchase the Trucks and Written Warranty Upon Defendant's Statements

Pursuant to the second requirement for Breach of Express Warranty, the Plaintiff's purchased the trucks and written warranty based upon the statements made by Defendant's agent (Compl., Dkt. 1-1 ¶ 28). This statement is presented clearly in the Complaint and cannot be construed to mean anything other than the short and plain statement set forth in the Complaint.

### 3. The Defendant's Affirmations Were False

Pursuant to the third requirement for Breach of Express Warranty, the Complaint provides sufficient pleadings to indicate the affirmations made by Defendant were false. In construing the Complaint in the light most favorable to the Plaintiff, the affirmations made by the Defendant that the trucks were "in perfect working order" and "free from defects" were false based upon the numerous repairs, as well as complete engine replacements, as properly and adequately pled in the Complaint (Compl., Dkt. 1-1 ¶ 13, 14, 17).

The affirmations made by the Defendant that purchase of the written warranty provides "certified Navistar technicians would be readily available to make all necessary repairs" were false based upon the numerous delays in getting the trucks repaired, as properly and adequately pled in the Complaint (Compl., Dkt. 1-1 ¶ 13, 14, 18).

### 4. The Plaintiff Does Establish a Plausible Claim for Relief

Defendant's argument in Part II.B.2. of their Memorandum of Law does not ask the Court to construe the Complaint in accordance with the standard set forth by *Twombly/Iqbal*. The Court must review the Complaint in its entirety and "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Specifically, Defendant argues that the averments under the title of "Breach of Express Warranty" are vague and conclusory allegations. Under Part IV of the Complaint, Plaintiff incorporated the allegations of the pleading into the Cause of Action (Compl., Dkt. 1-1 ¶ 24). As stated *supra*, there are several statements made by Defendant's agent to give rise to a cause of action for breach of express warranty.

Additionally, as stated *supra*, it can be reasonably inferred that the express warranties were false, "regardless of the [defendant's] knowledge of the falsity or intention to create a warranty."

*Jones v. WFM-Wo, Inc.*, 265 F.Supp.3d 775, 781 (M.D. Tenn 2017). It can be reasonably inferred that the representations made by Defendant were false based upon complete engine replacement within three months of purchase for truck one and four months of purchase for truck two, as well as the numerous repairs specified in the pleadings (Compl., Dkt. 1-1 ¶ 13, 14, 17). Also, Plaintiff's pleadings clearly indicate these affirmations were made by Defendant prior to purchase "during purchase negotiations" (Compl., Dkt. 1-1 ¶ 11, 20, 26).

Similarly, it can be reasonably inferred that "certified Navistar technicians would be readily available to make all necessary repairs" upon purchase of the written warranty were false based upon the fact that between the purchase of the trucks in April 19, 2017 and the filing of the Complaint on June 13, 2018 that "Truck No. 1 has been out of service for a total of nine months" and "Truck No. 2 has been out of service for a total of on [sic] eight months." (Compl., Dkt. 1-1 ¶ 13, 14). Due to Plaintiff's purchase of the written warranty, it can be reasonably inferred that the "out of service" time was due to the unreliability of the certified Navistar technicians required to do all repairs under the written warranty Plaintiff was induced to purchase.

Finally, Plaintiff's pleadings clearly indicate the harm caused by Defendant's breach of express warranty. Specifically, Plaintiff's pleading indicates the total down time for the trucks, lists an amount for contracts lost from one contract provider, and lists the repairs required to be made to the trucks (Compl., Dkt. 1-1 ¶ 13, 14, 15, 16, 17). Again, as stated *supra*, the terms of the Defendant's express warranty that the trucks were "in perfect working order" and "free from defects" clearly induced Plaintiff to purchase two trucks that have spent more time in the repair shop than on the road, which has been sufficiently stated in the Plaintiff's Complaint. The Defendant's express warranty that "Navistar certified technicians would be available to make any repairs quickly and efficiently" clearly induced Plaintiff to purchase a written warranty that sent

two trucks to certified Navistar technicians that did not have the parts necessary to service those two trucks "quickly and efficiently," which has been sufficiently stated in Plaintiff's Complaint.

        5.      <u>Plaintiff Adequately Pled Notice Pursuant to the Tennessee UCC</u>

Defendant's argument as it pertains to pleading notice, which includes a quote from Judge Learned Hand, overstates the simplicity of the notice requirement under the Tennessee Uniform Commercial Code. Tenn. Code Ann. § 47-2-607(3)(a) does not require the plaintiff to serve defendant with a separate, pre-suit notice of his claims. *See Smith v. Pfizer, Inc.*, 688 F.Supp.2d 735, 751 (M.D. Tenn. 2010). The *Smith* Court stated, "Nothing in the plain text of the statute indicates that a lawsuit cannot serve as this notification." *Id*. at 750.

The notice provision is intended to alert the seller "that the transaction is still troublesome and must be watched," as well as to "open[] the way for normal settlement through negotiation. *Id*. at 751 (*quoting* U.C.C. § 2-607 cmt. 4.). Once again, for the reasons stated *supra*, the Plaintiff's pleadings provide sufficient notice of breach of express warranty. The reasonableness of any delay in providing notice of breach is a question of fact for the jury. *Id*. at fn. 10.

**B.    Plaintiff's Breach of Implied Warranty Cause of Action Contains Sufficient Pleadings to Survive Defendant's Rule 12(b)(6) Motion**

Defendant argues that the averments under the title of "Breach of Implied Warranty" are vague and conclusory allegations. Under Part IV of the Complaint, Plaintiff incorporated the allegations of the pleading into the Cause of Action (Compl., Dkt. 1-1 ¶ 24). Again, upon review of the Complaint in its entirety and drawing all reasonable inferences that the defendant is liable for the misconduct alleged, Plaintiff adequately establishes a claim for Breach of Implied Warranty. *See Iqbal*, 556 U.S. at 678.

### 1. The Plaintiff Sufficiently Pled Breach of Implied Warranty of Merchantability

In addition to the statement of the elements cited in Defendant's Memorandum of Law, the Court states, "Establishing that goods are not fit for their ordinary purpose requires only proof, in a general sense and as understood by a layman, that something was wrong with the product." *Autozone, Inc. v. Glidden Co.*, 737 F.Supp.2d 936, 948 (W.D. Tenn. 2010) (*citing Browder v. Pettigrew*, 541 S.W.2d 402, 406 (Tenn. 1976)). At the time the two trucks were delivered, it can be reasonably inferred that those trucks were not fit for their purpose of long-haul trucking based upon the numerous repairs and downtime required for repairs shortly after the sale (Compl., Dkt. 1-1 ¶ 13, 14, 17, 30). The pleadings clearly indicate the trucks were not fit for the purpose in which they were purchased based upon the complete inability of Plaintiffs to use the trucks for extensive periods of time (Compl., Dkt. 1-1 ¶ 13, 14).

### 2. The Plaintiff Sufficiently Pled Breach of Implied Warranty of Fitness for a Particular Purpose

Upon examining the elements required for the implied warranty of fitness as stated in Defendant's Memorandum of Law, it can be reasonably inferred from the pleadings that Defendant breached this implied warranty.

As it pertains to the first element, it can be reasonably inferred that Plaintiff was purchasing commercial trucks from Defendant's agent, which sold only commercial trucks, for the purpose of operating a commercial trucking business (Compl., Dkt. 1-1 ¶ 4, 7, 9). Plaintiff would show that it would be disingenuous for Defendant, a commercial truck seller, to aver Defendants were unaware of the particular purpose for the purchase of two commercial trucks.

As it pertains to the second element, it can be reasonably inferred that the purpose of making the purchase from Defendant's dealership was based upon the *International* commercial

truck brand being well-established in the commercial trucking business. Again, it would be disingenuous for Defendant, a commercial truck manufacturer and seller, to aver Plaintiff did not rely upon the knowledge and expertise of Defendant's agent in purchasing the trucks. Furthermore, Plaintiff's pleadings indicate he did rely upon Defendant's knowledge and expertise in making the purchase (Compl., Dkt. 1-1 ¶ 33).

As it pertains to the third element, it can be reasonably inferred that Plaintiff did purchase the two trucks based upon those implied warranties made by Defendant's agent (Compl., Dkt. 1-1 ¶ 33). Once again, it would be disingenuous for Defendant, a commercial truck manufacturer and seller, to aver Plaintiff purchased these two trucks and was capable of making his own independent judgment of their quality, rather than relying upon the numerous statements and assurances of the Defendant's agent as to the fitness of their own product.

### C. Plaintiff's Intentional Misrepresentation Cause of Action

Plaintiff agrees with Defendant's argument that the claim for Intentional Misrepresentation is barred by the economic loss doctrine. Plaintiff avers that Paragraph Nos. 38-43 of the Complaint should be stricken and will request the opposing party provide written consent to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

### D. Plaintiff's Tennessee Consumer Protection Act Cause of Action Contains Sufficient Pleadings to Survive Defendant's Rule 12(b)(6) Motion

Plaintiff agrees with Defendant's argument that his claim pursuant to Tenn. Code Ann. § 47-18-104(b)(7) as it pertains to goods primarily for personal, family, or household purposes is not applicable to this cause of action. Plaintiff avers that Paragraph 45(a) of the Complaint should be stricken and will request the opposing party provide written consent to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

As it pertains to the Plaintiff's allegations contained in Paragraph 45(b) of the Complaint, Plaintiff will be filing a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) for the purpose of pleading, with sufficient particularity, Defendant's violation of the Tennessee Consumer Protection Act as set forth in Paragraph 45(b) of the Complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests the following relief:

I. That the parties, pursuant to Federal Rule of Civil Procedure 15(a)(2), enter an Agreed Order striking Plaintiff's allegations of Intentional Misrepresentation and the violation of the Tennessee Consumer Protection Act as set forth in Paragraph 45(a);

II. That, as it pertains to the allegations set forth in Paragraph 45(b), Plaintiff be permitted to Amend the Complaint upon proper motion pursuant to Federal Rule of Civil Procedure 15(a)(2);

III. That, in all other respects, this Court DENY Defendant's Motion to Dismiss;

IV. That any hearing set in this matter be held after September 10, 2018, which is the date co-counsel will be properly admitted to practice before this Court.

Respectfully Submitted,

s/ Stephen W. Pate
Stephen W. Pate (#6758)
Nathan S. Luna (#32230)
Attorneys for Plaintiff
104 N. Church Street
Murfreesboro, TN 37130
Ph: (615) 893-8920

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed via the Court's ECF system, which is expected to deliver a copy via electronic means to the following:

8 of 9
Case 3:18-cv-00651   Document 12   Filed 08/20/18   Page 8 of 9 PageID #: 169

Eugene N. Bulso, Jr. (#12005)
Paul J. Krog (#29263)
Leader, Bulso, & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4110

                                                            s/ Stephen W. Pate
                                                            STEPHEN W. PATE