IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JAMES A. BUNN, d.b.a. BUNN TRUCKING,

  Plaintiff,

v.

NAVISTAR INC., d.b.a. INTERNATIONAL USED TRUCK CENTER,

  Defendant.

Case No. 3:18-cv-0651

**Judge Campbell**
**Magistrate Judge Frensley**

    **Jury Demand**

REPLY IN SUPPORT OF DEFENDANT NAVISTAR, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Defendant, Navistar Inc., d/b/a International Used Truck Center ("Navistar"), submits this reply brief in further support of its motion to dismiss:

Plaintiff concedes that the economic loss rule bars his intentional misrepresentation claim and that the Tennessee Consumer Protection Act ("TCPA") excludes his claim regarding the trucks at issue. Plaintiff further agrees that Navistar properly stated the legal standard for each remaining claim, but quibbles over the application of those standards to his pleading. In doing so, the Response misstates the law, impermissibly conflates the claims asserted, and relies on unsupported inferences rather than the required adequately pleaded factual allegations. As a result, the Response fails to overcome any of the flaws identified by the Motion to Dismiss. Therefore, the Complaint should be dismissed in its entirety.

**1. Plaintiff's Remaining TCPA Claim Fails.**

Initially, the Response concedes—dispositively—that the TCPA claim regarding repair services is inadequate as pleaded. But while Plaintiff states that he intends to seek leave to replead these allegations with particularity, that effort would be futile. Any proposed claim that the repair services provided were "of a lower standard, quality, or grade" than promised simply duplicates the breach of warranty allegations regarding those services. But a mere breach of contract does not support a TCPA claim. *See Anderson v. Lamb's Auto Serv. Inc.,* No. W2008-01305, 2009 WL 1076729, at *4 (Tenn. Ct. App. Mar. 5, 2009) (holding a breach not violative of the TCPA absent showing of "deception, misrepresentation, or unfairness"); *Poole v. Union Planters Bank N.A.,* 337 S.W.3d 771, 787 (Tenn. App. 2010) (noting that

while every breach "is arguably 'unfair' in the colloquial sense," even an "incompetent performance of contractual duties" does not give rise to a TCPA claim).

Additionally, the Plaintiff has had ample opportunity already to present a proposed amended complaint and has not done so. Nor does his memorandum explain how he would make his TCPA claim comply with Rules 8 and 9. He is not entitled to replead, or have Defendant's motion denied, on the basis of an unadorned request in his memorandum. *See La. School Employees' Retirement Sys. v. Ernst & young LLP*, 622 F.3d 471, 486 (6th Cir. 2010). A plaintiff cannot rely on the mere possibility that unstated grounds exist to survive a 12(b)(6) motion. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (finding that to avoid dismissal, pleadings must "give the defendant fair notice of what the … claim is and the grounds upon which it rests"). Dismissal is the proper result.

**2. Plaintiff's Express Warranty Claims Regarding the Technicians Fail.**

The Plaintiff's Response clarifies that he intends to predicate his claim for breach of express warranty as to the technicians on the alleged pre-purchase representation that "certified Navistar technicians would be readily available." (Dkt. 12 at 2.) The Complaint, however, does not state a claim on this basis.

## 2.1. Plaintiff Misstates His Obligation to Provide Notice under the U.C.C.

The failure to allege compliance with the notice statute dooms Plaintiff's express-warranty claim regarding the certified technicians.[1] He relies solely on Judge Trauger's opinion in *Smith v. Pfizer Inc.*, 688 F. Supp. 2d 735 (M.D. Tenn. 2010), for the proposition that a complaint alone provides the required notice under Section 47-2-607. (*See* Dkt. 12 at 5.) But *Smith* was a personal-injury case, and its holding that the suit serves as adequate notice rested expressly on that characteristic. *See Smith*, 688 F. Supp. 2d at 751. *Smith* specifically contrasted its holding with Tennessee case law from the "commercial setting," which rooted the notice requirement in the goals of facilitating settlements and permitting inspection and cure of nonconformity. *Id.* at 750–51 (quoting *Duffy Tool & Stamping v. Bosch Auto. Motor Sys. Corp.*, No. M1997-00144, 2000 WL 122225 (Tenn. Ct. App. Feb. 1, 2000)).

This, obviously, is not a personal-injury case, but a commercial case; thus *Smith*'s holding dispensing with presuit notice in the latter context bears no relevance. Instead, the relevant, controlling authority is the substantial body of precedent imposing a presuit notice requirement in cases such as this, as acknowledged by *Smith*. *See, e.g.*, *Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 306 (Ark. 1994) ("the notice must be more than a complaint"); *Friedman v. Georgia Showcase Co.*, 183 S.W.2d 9, 11-12 (Tenn. Ct. App. 1944) (finding an action clearly "cannot be maintained" where the claimant "gave no notice of his intention to claim a breach" until after "the pleadings were filed"). These are by no means the only au-

---

[1] "[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Tenn. Code Ann. § 47-2-607(3)(a).

thorities on what sort of notice UCC 2-607 requires.[2] *Cf.* Tenn. Code Ann. § 47-1-103(a)(3); *Baker v. Promark Prods. W. Inc.*, 692 S.W.2d 844, 847 (Tenn. 1985). Further, exempting a commercial plaintiff from presuit notice renders incomprehensible the Tennessee rule that the "time period for giving notice of breach is shorter than [that] for revoking acceptance." *Carmichael & Carmichael Inc. v. Nicholston Cos.*, No. 01-A-01-9104-CV00148, 1992 WL 172404, at *6 (Tenn. Ct. App. 1992). The failure to provide the required notice under Section 47-2-607 is a complete bar to Plaintiff's breach of express warranty claim.

**2.2. The Complaint Fails to Allege a Breach Regarding the Technicians.**

Even if it could permissibly provide the requisite notice, the Complaint would fail to do so. The Complaint does not factually allege any breach of any purported warranty regarding the technicians. It alleges that the trucks required work, and that delays in that work resulted from a lack of parts. (Dkt. 1-1 ¶ 18.). Nothing in the Complaint indicates that there were ever not "certified Navistar technicians … readily available." (*Cf. id.* ¶ 21.) Relying on claims that an inference is "reasonable" that the technicians were somehow unsatisfactory (Dkt. 12 at 4), the Response fails to address the lack of allegations regarding any actual breach associated with the

---

[2] *See also Drobnak v. Anderson Corp.*, 561 F.3d 778, 784-86 (8th Cir. 2009) (under the U.C.C., rejecting claims that a lawsuit provided adequate notice); *In re Luken Commc'n, LLC,* No. 13-13069, 2014 WL 2945903, at *4–5 (Bankr. E.D. Tenn. 2014) (Under § 47-2-607(3)(a), finding failure to provide notice "barred [debtor] from any remedy"); *Kopper Glo Fuel, Inc. v. Island Lake Coal Co.,* 436 F. Supp. 91, 97 (E.D. Tenn. 1977) (under the U.C.C., finding claimant "failed to give proper notice of breach and is barred from any remedy"); *Zeigler v. Sony Corp. of Am.*, 849 A.2d 19, 24 (Conn. Super. Ct. 2004) (under the U.C.C., rejecting a lawsuit as notice as it would "seriously undermine[] the UCC policy of avoiding lawsuits by encouraging negotiation and promoting timely cure of defects.").

technicians' availability, certification, or performance.³ (*Cf.* Dkt. 8 at 7.) Plaintiff's failure to identify what action or omission constitutes a breach undermines his claim that the complaint alone provide adequate notice here, and additionally renders Plaintiff's pleading inadequate to state plausible grounds for relief.

### 2.3. Plaintiff's Own Allegations Undercut any Plausible Claim to Relief.

Beyond the lack of notice and lack of breach allegations, Plaintiff also failed to plead allegations that are consistent with a plausible claim that any inferred breach regarding the technicians proximately caused his losses. *See Kopper Glo Fuel Inc. v. Island Lake Coal Co.,* 436 F. Supp. 91, 97–99 (E.D. Tenn. 1977) (requiring a showing "that losses were sustained as a proximate result of the breach [of warranty]"). Without support in the record or from authority, Plaintiff insists that it can be "reasonably" inferred that some unidentified failure by the technicians caused the alleged delays in repair. (Dkt. 12 at 4.) Yet, Plaintiff himself repeatedly attributes the alleged delays and resulting down time to absent parts, not to the technicians. (*See id.* at 5; Dkt 1-1 ¶ 18.) The Plaintiff cannot ask the Court to infer that events he did not allege caused losses he attributes to an alternative cause. *See, e.g.*, *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). (*Cf.* Dkt. 12 at

---

³ In the Response, Plaintiff also claims that "the 'out of service time' was due to the unreliability of the certified Navistar technicians," but the Complaint does not allege any representations regarding reliability or that the technicians were unreliable, or allege any causal connection between such claims and the delays. A plaintiff opposing a motion to dismiss cannot bolster his complaint with unpleaded facts set out in a memorandum. *See, e.g.*, *Nathanson v. Polycom Inc.*, 87 F. Supp. 3d 966, 987 (N.D. Cal. 2015).

3.) Plaintiff's warranty claims fail to meet the notice requirement or the pleading standards and should be dismissed.

### 3. Plaintiff's Warranty Claims Regarding the Trucks Also Fail.

Plaintiff's remaining factual allegations regarding the Trucks themselves are likewise impermissibly lacking to support his remaining breach of warranty claims. The Response provides scant explanation for how the Complaint suffices to meet the pleading standard despite the numerous flaws previously identified.

The Plaintiff's Response confirms that his breach of express warranty claim as to the Trucks is predicated solely on the representations that the trucks were "free from defects" and "in perfect working order." (Dkt. 12 at 2.) Plaintiff also concedes he must plausibly demonstrate that the alleged express warranties arise from affirmations of fact made by Navistar. (*Id*). The Response ignores completely the authority showing the alleged representations do not constitute actionable affirmations, but instead are merely vague, nonactionable opinions of quality. (*See* Dkt. 8 at 5–6, 17.) *See also, e.g.*, *Power & Tel. Supply Co. v. SunTrust Banks Inc.,* 447 F.3d 923, 931 (6th Cir. 2006). Thus, Plaintiff's express warranty claims fail for lack of a statement sufficient to constitute a warranty.

Plaintiff's implied warranty claims fare no better. As Plaintiff concedes, establishing a claim for breach of the implied warranty of merchantability requires showing that the defects alleged existed at delivery. (Dkt. 12 at 6.) The Response ignores the specific time element, and claims this element can be inferred solely based on pleadings alleging issues months later (*id*.), despite contrary case law. *See,*

*e.g., H.B.H. Enters. v. Cates,* No. 03A01-9608-CV-00253, 1997 WL 76804, at *3 (Tenn. Ct. App. Feb. 25, 1997) (rejecting liability for the warranty of merchantability where a professional purchased used equipment specific to his field and used it for months prior to claiming a defect).

Plaintiff also conflates the implied warranties of merchantability and fitness for a particular purpose—which requires both a "particular purpose" and that the seller knew the buyer had that purpose—by claiming his particular purpose was "operating a commercial trucking business." (Dkt. 12 at 6.) Plaintiff repeatedly labels Navistar "disingenuous" to distract from the obvious flaw in this claim. Simply using a good for its ordinary purpose—like using a commercial truck for commercial trucking—is in no way a "particular purpose" capable of supporting the claim. *See, e.g., Foley v. Dayton Bank & Trust,* 696 S.W.2d 356, 359 (Tenn. Ct. App. 1985) (rejecting liability under Tenn. Code. Ann. § 47-2-315 where the "record is clear that the truck was purchased for general and not particular purposes as required by the statute.") Ultimately, Plaintiff impermissibly relies on conclusory assertions and unwarranted inferences as substitutes for factual allegations or supporting authority. His warranty pleadings are inadequate and should also be dismissed.

### 4. Conclusion

For the reasons described above, as well as those set forth in the Motion to Dismiss and the Memorandum in Support, Navistar respectfully requests that the Court dismiss each of Plaintiff's causes of action.

{00122964.DOCX / ver:3 }    -7-

Case 3:18-cv-00651   Document 17   Filed 08/30/18   Page 8 of 9 PageID #: 209

Respectfully submitted,

s/ Paul J. Krog
Eugene N. Bulso, Jr. (Tenn. No. 12005)
Paul J. Krog (Tenn. No. 29263)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
615-780-4110
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com

and

Jeffrey S. Patterson, *pro hac vice pending*
Luke C. Spencer, *pro hac vice pending*
HARTLINE DACUS BARGER DREYER LLP
8750 North Central Expressway, Ste 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)
jpatterson@hdbdlaw.com
lspencer@hdbdlaw.com

*Attorneys for Navistar Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed via the Court's ECF system, which is expected to deliver a copy via electronic means to the following:

Stephen W. Pate
Nathan S. Luna
104 N. Church Street
Murfreesboro, TN 37130
615-893-8920
steve@pateandknott.com
nathan@tnlaw.org

on this, the 30th day of August, 2018.

                                                s/ Paul J. Krog
                                                Paul J. Krog