IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES A. BUNN, SR., d/b/a Bunn Trucking<br><br>    Plaintiff,<br><br>v.<br><br>NAVISTAR, INC., d/b/a International Used Truck Center<br><br>    Defendant. | NO. 3:18-cv-00651<br>JUDGE RICHARDSON |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss (Doc. No. 7). Plaintiff responded in opposition (Doc. No. 12), and Defendant replied (Doc. No. 17). For the reasons discussed below, the motion to dismiss will be granted.

## FACTUAL BACKGROUND[1]

Plaintiff, James A. Bunn, Sr., is a proprietor doing business as Bunn Trucking. (Doc. No. 1 "Compl." ¶ 1.) Defendant, Navistar, Inc.,[2] manufactures International brand ("International") heavy-duty trucks and Maxxforce brand diesel engines. (*Id.* ¶ 7.)

On April 19, 2017, Plaintiff purchased two International 4300 4X2 trucks from Defendant's dealership: (1) a 2012 4300M7 SBA 4x2 with 183,864 miles at the time of purchase ("Truck One"); and (2) a 2012 4300 SBA 4x2 with 141,229 miles at the time of purchase ("Truck Two"). (*Id.* ¶ 9.) Plaintiff also purchased a warranty for each truck through System 1 Diamond

---

[1] For purposes of Defendant's Motion to Dismiss, the Court will assume the following alleged facts to be true.

[2] At the time of the alleged transaction discussed below, Defendant operated under the name International Used Truck Center. (Compl. ¶ 3.) That name expired on May 15, 2018. (*Id.*)

1

with each warranty covering the trucks for 24 months or 200,000 miles. (*Id.* ¶ 10.) At the time of purchase, Defendant's agents and personal representative warranted the trucks to be free from defects and in perfect working order. (*Id.* ¶ 11.) Plaintiff's trucking business solely relies on the trucks purchased from Defendant. (*Id.* ¶ 8.)

Shortly after making the purchase, Plaintiff experienced numerous breakdowns with both trucks. (*Id.* ¶ 12.) Since the date of purchase, Truck One has been out of service for a total of nine months, and Truck Two has been out of service for a total of eight months. (*Id.* ¶¶ 13-14.) Both trucks have been out of service for several weeks at the same time, causing Plaintiff's business to shut down during those periods. (*Id.* ¶ 15.) In addition, Plaintiff lost contracts with Kochlogistics of $133,645 between April 22, 2017 and June 1, 2018. (*Id.* ¶ 16.)

Plaintiff experienced delays for several months in getting his trucks repaired because of Defendant's inability or unwillingness to obtain the necessary parts at the service locations required under Plaintiff's warranty. (*Id.* ¶ 18.) Because of the trucks' unreliability and the long repair time, Plaintiff has lost a substantial amount of income without the capital necessary to replace Defendant's trucks with ones that are more reliable. (*Id.* ¶ 19.) Based on these allegations, Plaintiff brings the following claims against Defendant: (1) breach of express warranty; (2) breach of implied warranty; (3) intentional misrepresentation; and (4) violation of the Tennessee Consumer Protection Act ("TCPA").[3] (*Id.* ¶¶ 25-45.) Defendant now moves to dismiss all claims. (Doc. No. 7 at 2.)

---

[3] The complaint also contains a section titled "Warranty Disclaimers." (Compl. ¶¶ 46-48.) However, this section does not appear to allege a separate cause of action.

## LEGAL STANDARD

For purposes of a motion to dismiss, the Court must take the factual allegations in the complaint as true, as the Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The

question is whether the remaining factual allegations plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Rule 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

## DISCUSSION

### I. Breach of Express Warranty Claim

"Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Tenn. Code Ann. § 47-2-313(a). To establish a breach of express warranty claim, "a plaintiff must prove that (1) the seller made an affirmation of fact intending to induce the buyer to purchase the goods; (2) the buyer was, in fact, induced by the seller's acts; and (3) the affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty." *Smith v. TimberPro Inc.*, 2017 WL 943317, at *3 (Tenn. Ct. App. Mar. 9, 2017). In other words, Plaintiff must allege that Defendant made an untrue statement of fact to induce Plaintiff to purchase the trucks and that Plaintiff relied on the statement in making his purchase.

Plaintiff's breach of express warranty claim appears to be based on three different theories corresponding with the following three alleged representations from Defendant: (1) "Defendants made representations to Plaintiff the trucks sold were of a particular quality, when, in fact, [they] were of another" (Compl. ¶ 25); (2) "Defendant expressly stated trucks were free from defects and suitable to perform the duties for which they were manufactured and sold" (*id.* ¶ 26); and (3) "Defendant made express representations that Navistar certified technicians would be available to make any repairs quickly and efficiently" (*id.* ¶ 27). Defendant moves to dismiss the breach of express warranty claim, addressing each of Plaintiff's theories. The Court now discusses in turn

whether Plaintiff plausibly alleges a breach of express warranty claim based on any of the three theories.[4]

Defendant argues that the breach of the express warranty claim based on the first representation discussed above should be dismissed because the representation cannot be considered an express warranty. The Court agrees. "Vague assertions of quality do not rise to the level of express warranties. Tennessee case law characterizes statements that a product was 'good' or 'superior' as puffery and opinion incapable of supporting a warranty." *Barrette Outdoor Living, Inc. v. Vi-Chem Corp.*, No. 2:13-cv-289, 2015 WL 12547568, at *8 (E.D. Tenn. Aug. 31, 2015) (quoting *Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 812 (Tenn. Ct. App. 2012)); *see also Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 563 (6th Cir. 2013) (finding that "generalized, subjective terms like 'quality' and 'reliability'" cannot be considered misrepresentations because they are "puffery on which no buyer would reasonably rely"). Thus, the first representation that the trucks were of a "particular quality" does not constitute an express warranty because it is vague.

It is true that the generic allegation that trucks were represented to be of a "particular quality" possibly could be intended to refer not to vague assertions of quality, but rather to very specific representations regarding the trucks that, in the Plaintiff's view, collectively constitute e a representation that the goods were of a "particular [presumably high] quality." In other words, the complaint's use of the shorthand phrase "of a particular quality" does not preclude the possibility mean that there were specific, rather than merely vague, representations made.

---

[4] The Court notes that Plaintiff, in his response, appears to construe his breach of express warranty claim as based on the second and third theories and not the first theory discussed above. (*See* Doc. No. 12 at 2.) In an abundance of caution, the Court nevertheless analyzes Plaintiff's breach of express warranty claim based on the first representation.

5

However, the complaint does not include any references to specific representations as to quality. More broadly, as Defendant correctly notes, the complaint does not allege enough facts to determine what quality was represented or what quality was received. One suspects that perhaps Plaintiff meant to allege something along the lines that a high quality was represented and a low quality was received, but this is not necessarily the case, and *Iqbal* and *Twombly* require that a complaint make clear this sort thing. Thus, even if a breach of warranty could be based on the defendant's vague assertion as to quality, Plaintiff's claim would fail to meet federal standards for pleading such a claim. Accordingly, Plaintiff fails to adequately allege a breach of express warranty claim based on the first representation.

Defendant next argues that the breach of warranty claim based on the second representation discussed above should be dismissed because the complaint fails to adequately allege the third requirement of a breach of an express warranty claim—that the affirmation of fact was false. The Court, again, agrees. The complaint merely states that Plaintiff began to experience breakdowns with the trucks "shortly after" purchasing them and specifically describes repairs that were allegedly required three to four months after delivery. (Compl. ¶ 12-14.) These claims, without more, do not plausibly allege that Defendant's representation—that the trucks were free from defects and suitable to perform the duties for which they were manufactured and sold—was false. Although the Court must draw all reasonable inferences in favor of the non-moving party on a Rule 12(b)(6) motion to dismiss, Plaintiff's allegations that the trucks needed to be repaired months after Plaintiff purchased them (*see* Compl. ¶¶ 13-14) do not provide a reasonable basis for the Court to infer that the second representation discussed above was false. *See Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 843 (N.D. Ohio 2010) ("While it is true that, in considering a motion to dismiss, all well-pleaded factual allegations must be taken as true, a court need not

indulge in unreasonable inferences." (internal quotation marks and citation omitted)). Based on Plaintiff's allegations, it is possible that the alleged defects arose months after Defendant made the representation. Accordingly, Plaintiff fails to state a plausible breach of express warranty claim based on the second representation.

Defendant further argues that the breach of warranty claim based on the third representation discussed above should be dismissed because the complaint fails to adequately allege that the affirmation of fact was false. Again, the Court agrees with Defendant. Nowhere in the complaint does Plaintiff reference the lack of technicians, whether the technicians were certified, or any other set of circumstances that would provide a reasonable basis for the Court to infer that the alleged express warranty was breached. Plaintiff's allegations that there were delays in repairing the trucks and that trucks were out of service for eight and nine months respectively do not give rise to a reasonable inference that the alleged express warranty regarding the technicians was breached. Indeed, Plaintiff does not even blame such delays on a lack of certified technicians. Instead, Plaintiff specifically alleges that it was Defendant's "inability or unwillingness to obtain the parts necessary at the services locations required under Plaintiff's warranty" that caused the delays in repairing Plaintiff's trucks—an allegation inconsistent with a plausible breach of express warranty claim based on the third representation. (Compl. ¶ 18.) The Court, therefore, finds that Plaintiff fails to state a plausible breach of warranty claim based on the third representation. Accordingly, because Plaintiff fails to state a plausible breach of express warranty claim based on any of the three theories discussed above, and Plaintiff's express warranty claim does not appear to be based on any other theories, the Court will dismiss his breach of express warranty claim with prejudice.[5]

---

[5] Because the Court will grant Defendant's motion on the aforementioned grounds, it declines to address Defendant's additional arguments, including those related to notice, causation, and damages.

## II. Breach of Implied Warranty

The complaint contains a section titled "Breach of Implied Warranty." Underneath that section heading, Plaintiff appears to assert, albeit not with ideal clarity, two different claims: (1) breach of implied warranty of merchantability; and (2) breach of implied warranty of fitness for a particular purpose. (Compl. ¶¶ 33-34.) The Court discusses each implied warranty claim in turn.

### A. Implied Warranty of Merchantability Claims

The implied warranty of merchantability guarantees that goods "pass without objection in the trade... and... are fit for the ordinary purpose for which such goods are used." Tenn. Code Ann. § 47-2-314(2). "[T]o recover under this warranty, the purchaser must show that the goods did not measure up to the requirements of the warranty at the time they were delivered." *AutoZone Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 949 (W.D. Tenn. 2010) (quoting *Dan Stern Homes, Inc. v. Designer Floors & Homes, Inc.*, No. M2008-00065-COA-R3-CV, 2009 WL 1910955, at *4 (Tenn. Ct. App. June 30, 2009)).

Defendant argues that the implied warranty of merchantability claim should be dismissed because Plaintiff fails to provide any factual allegations that the trucks were unfit at the time they were delivered. The Court agrees. Nowhere in the complaint does Plaintiff make that allegation, which is critical to plausibly allege an implied warranty of merchantability claim. As discussed above, the complaint merely states that Plaintiff began to experience breakdowns with the trucks "shortly after" purchasing them and specifically describes repairs that were allegedly required three to four months after delivery. (Compl. ¶ 12-14.) These claims, without more, are insufficient to survive a motion to dismiss. It is axiomatic that allegations that could possibly be merely *consistent* with liability are inadequate to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, Plaintiff must plead facts that plausibly allege entitlement to relief.

*See id.* Accordingly, because the complaint lacks facts that plausibly allege entitlement to relief for a breach of implied warranty of merchantability claim, the court will dismiss that claim with prejudice.

### B. Implied Warranty of Fitness for a Particular Purpose Claim

An implied warranty of fitness for a particular purpose arises "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Tenn. Code Ann. § 47-2-315. "[T]o establish an implied warranty of fitness for a particular purpose, the buyer must prove that: (1) the seller knew that the buyer had a particular purpose for which the goods were required; (2) the seller knew that the buyer was relying on the seller's skill or judgment to provide the buyer with goods fit for that particular purpose; and (3) the buyer must have actually relied on the seller's skill or judgment." *Jet Printing v. Deep S. Wholesale Paper Co.*, No. M2001-02582-COA-R3CV, 2003 WL 152644, at *4 (Tenn. Ct. App. Jan. 23, 2003) (citing *Kopper Glo Fuel, Inc. v. Island Lake Coal Co.*, 436 F. Supp. 91, 95 (E.D. Tenn. 1977)). After the buyer establishes an implied warranty of fitness for a particular purpose, the buyer must then show that the goods were not fit for the purpose for which they were intended. *Id.* (citing *Masters v. Rishton*, 863 S.W.2d 702, 706 (Tenn. Ct. App. 1992)).

Defendant, *inter alia*, argues that Plaintiff has failed to adequately allege a claim for implied warranty of fitness for a particular purpose because Plaintiff has not alleged the particular purpose for which Plaintiff required the trucks let alone that Defendant knew of such purpose. The Court agrees. Critically, the complaint does not detail the particular purpose for which the trucks were to be used. Plaintiff merely alleges that Defendant relied on the expertise and knowledge of Defendant that the "trucks were fit to be used for a specific purpose for which Plaintiff purchased

them." (Compl. ¶ 33.) The Court finds this allegation, without more, conclusory and therefore insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. As Defendant aptly argues, Plaintiff's response conflates the implied warranties of merchantability and fitness for a particular purpose. Plaintiff claims that the particular purpose here was operating a commercial trucking business. In *Foley v. Dayton Bank & Tr.*, 696 S.W.2d 356 (Tenn. Ct. App. 1985), the court held that there was no implied warranty because it was "clear that the [large trailer-type] truck was purchased for general and not particular purposes," as the defendants were specifically informed that the plaintiffs "purchased the truck for the purpose of entering into a lease agreement with another concern and engaging in long distance hauling." *Id.* at 359. Likewise, here, Plaintiff's stated "particular purpose" is really an ordinary purpose—using heavy-duty trucks for a commercial trucking business—and not a particular purpose capable of supporting his claim. In addition, because the complaint does not allege a particular purpose for which the trucks were to be used, Plaintiff has not adequately alleged that Defendant knew the particular purpose for which the trucks were required. Furthermore, Plaintiff fails to allege, even in a conclusory fashion, that Defendant knew of such a purpose. Accordingly, the Court will grant Defendant's motion to dismiss the implied warranty of fitness for a particular purpose claim and dismiss that claim with prejudice.[6]

### III. Intentional Misrepresentation Claim

Plaintiff agrees with Defendant that the economic loss doctrine bars its intentional misrepresentation claim and that his intentional misrepresentation claim should therefore be

---

[6] Because the Court will grant Defendant's motion on the aforementioned grounds, it declines to address Defendant's additional argument for dismissing the implied warranty of fitness for a particular purpose claim.

dismissed. The Court construes Plaintiff's statement as a motion to amend the complaint to remove the intentional misrepresentation claim under Rule 15. Given that the time for Plaintiff to amend his pleading as a matter of course has passed, the complaint can be amended only upon agreement of the parties or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Because the parties have seemingly agreed to amend the complaint to dismiss the intentional misrepresentation claim, the complaint is hereby amended. Accordingly, the intentional misrepresentation claim will be dismissed with prejudice.

## IV. TCPA Claim[7]

Defendant first argues that Plaintiff's TCPA claim, as it pertains to the theory delineated in Paragraph 45(a), should be dismissed because Tenn. Code Ann. § 47-18-104(b)(7), the statute Plaintiff alleges Defendant violated, pertains only to goods used primarily for personal, family, or household purposes, none of which are involved here. In response, Plaintiff agrees with Defendant that the allegation in Paragraph 45(a) should be stricken. Accordingly, because the parties have apparently agreed to amend the complaint to strike Paragraph 45(a), the complaint is hereby amended, and the Court strikes Paragraph 45(a).

Defendant next argues that Plaintiff has failed to adequately plead a TCPA claim under the theory in Paragraph 45(b) because it is not alleged with particularity as required, under Federal Rule of Civil Procedure 9(b), for allegations of fraud. *See Bridgestone Am.'s, Inc. v. Int'l Bus. Machines Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) ("Defendant is correct in that TCPA claims are subject to the higher pleading standard articulated in Rule 9(b) . . . Plaintiff must set forth specific fraudulent or deceptive acts rather than general allegations." (internal citations

---

[7] The Court notes that Plaintiff's TCPA claim appears to be premised on two different theories, discussed respectively in Paragraphs 45(a) and 45(b) of the complaint.

and quotation marks omitted)). The Court finds that neither Paragraph 45(b) nor any other allegations related to the TCPA claim are plead with the requisite particularly to satisfy the Rule 9(b) standard. For example, Paragraph 45(b) discusses affirmative misrepresentations, without identifying, *inter alia*, the specific representations, who made them, or when they were made. This is deficient under Rule 9(b). *See Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-CV-1929, 2016 WL 4239920, at *5 (M.D. Tenn. Aug. 11, 2016) ("Absent the identification of any specific statements . . . Counter-Plaintiffs have fallen short of Rule 9(b)'s particularity requirement."). The Court, therefore, finds that the TCPA claim based on the theory delineated in Paragraph 45(b) cannot survive the instant motion to dismiss.

In response, Plaintiff states that he will be filing a motion to amend what remains of the TCPA claim. However, it is now approximately eight months after Plaintiff's response was filed, and Plaintiff has not filed a motion to amend the TCPA claim as of the time of this Court's Memorandum and Order. Plaintiff clearly has had ample opportunity to do so. Moreover, Plaintiff's mere statement in his brief that he will file a motion to amend the complaint cannot be considered a proper motion for leave to amend the complaint because, *inter alia*, Plaintiff has failed to state how he plans to amend the complaint. *See Hasting v. First Cmty. Mortg.*, No. 3:17-CV-00989, 2018 WL 5808727, at *5 (M.D. Tenn. Nov. 6, 2018) (Richardson, J.) ("A bare request in an opposition to a motion to dismiss (or for judgment on the pleadings) without any indication of the particular grounds on which amendment is sought does not constitute a motion within the contemplation of Rule 15(a)"). The Court, therefore, will not allow Plaintiff to replead his complaint based on his unadorned request in his response to Defendant's motion. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (affirming district court's dismissal of the plaintiffs' complaint with prejudice and stating that defendant was entitled to a review of

the complaint as filed pursuant to Rule 12(b)(6) absent a motion to amend the complaint accompanied with a memorandum identifying the proposed amendments prior to the court's consideration of the motions to dismiss). Accordingly, because the parties agree to strike Paragraph 45(a), the TCPA claim is not alleged with particularity, Plaintiff has not filed a proper request to amend the complaint, and the TCPA claim does not allege any other theories besides from those in Paragraphs 45(a) and 45(b), the TCPA claim will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss (Doc. No. 7), and the complaint will be **DISMISSED WITH PREJUDICE**.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE