## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **JAMES A. BUNN, d.b.a. BUNN TRUCKING,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**NAVISTAR INC., d.b.a. INTERNATIONAL USED TRUCK CENTER,**<br><br>   **Defendant.** | **Case No. 3:18-cv-0651**<br><br>**Judge Campbell**<br>**Magistrate Judge Frensley**<br><br>**Jury Demand** |

## RESPONSE TO MOTION TO ALTER OR AMEND

The Defendant, Navistar Inc., respectfully responds as follows to the Motion to Alter or Amend (Dkt. 31) filed by the Plaintiff, James A. Bunn:

1.    The Plaintiff asks the Court, under Rule 59, to rescind its dismissal of his Complaint. He takes no issue with the Court's analysis of his Complaint as filed, but bases his motion on current and past representations that he intends eventually to propose an unspecified amended pleading. Yet ample Sixth Circuit case law establishes that the Court properly dismissed the Plaintiff's case with prejudice and that Plaintiff has failed to demonstrate a basis for relief under Rule 59. Plaintiff does not warrant relief based on the mere prospect of amending his complaint, particularly as he has never proffered any proposed amendment. Despite ample opportunity to do so, Plaintiff never filed an amended complaint under Rule 15(a)(1) or sought leave to do so under Rule 15(a)(2). The excuse proffered in his Motion—

essentially that his counsel made an implausible and unreasonable legal error reading the Local Rules—is insufficient as a matter of law to justify setting aside the judgment.

2. As an initial matter, the Court did not commit any "clear error of law" in dismissing the complaint without affording Plaintiff leave to amend. *Cf., e.g.*, *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 345 (6th Cir. 2013) ("[Rule 59] relief could be warranted upon a showing of '(1) a clear error of law; … or (4) a need to prevent manifest injustice.'").[1] "[A] bare request in an opposition to a motion to dismiss … does not constitute a motion within the contemplation of Rule 15(a)." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *PR Diamonds Inc. v. Chandler,* 364 F.3d 671, 698–99 (6th Cir. 2004)). "Absent such a motion … Defendant was entitled to a review of the complaint as filed …. *Plaintiff*[] [*was*] *not entitled to an advisory opinion from the Court informing* [*him*] *of the deficiencies* of the complaint and then an opportunity to cure those deficiencies." *Id.* (quoting *Begala v. PNC Bank, Ohio N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)) (emphasis in original); *accord, e.g.*, *Beydoun v. Sessions*, 871 F.3d 459, 469–70 (6th Cir. 2017); *Kuyat v. BioMimetic Therapeutics Inc.*, 747 F.3d 435, 444 (6th Cir. 2014).

3. Thus, Plaintiff's vague representation that he wished to amend in some unspecified manner at some unspecified time (*see* Dkt. 12 at 8) did not insulate his claims from dismissal with prejudice. Nothing obligated the Court to grant a motion

---

[1] The Plaintiff does not attempt to invoke the other two grounds, new evidence and an intervening change in the law.

Case 3:18-cv-00651   Document 34   Filed 03/07/19   Page 2 of 6 PageID #: 254

to amend that was never filed. *See, e.g.*, *Beydoun*, 871 F.3d at 469 (holding before Rule 15 can be applied, "the court must have before it the substance of the proposed amendment."). Plaintiff's claim that the Court somehow violated its own Local Rules and orders by granting the motion to dismiss without conducting an initial case management conference is baseless. Nothing in the Local Rules impairs a plaintiff's right to amend or to seek leave to do so. Nor could it. *See Wilson v. City of Zanesville*, 954 F.2d 349, 352–53 (6th Cir. 1992) (holding local rules cannot impair a right to relief afforded by the Federal Rules of Civil Procedure).

4. Nor does Plaintiff's motion demonstrate any manifest injustice. He bases this claim on his attorney's misunderstanding of when and how to amend a complaint. (*See* Dkt. 32 at 3.) But this is not manifest injustice. It should go without saying that attorneys must inform themselves of the applicable local rules and procedures of the courts in which they practice. *See, e.g.*, *United States v. Jarvis*, No. 05-1849, 2008 WL 11451472, at *3 (D.N.M. June 3, 2008) (citing *In re Jarvis*, 53 F.3d 416, 422 (1st Cir. 1995); *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 400 (8th Cir. 1989)). Unsurprisingly, it follows that an attorney's misinterpretation of the law or local rules does not provide grounds for relief from a judgment. *See FHC Equities LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 685–87 (6th Cir. 1999) (discussing precedent rejecting revision of judgment resulting from counsel's legal misinterpretation); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (affirming denial of relief under Rules 59 and 60 based on alleged misinterpretation of local rules).

5.    Moreover, Plaintiff's counsel's purported mistake—that somehow the initial case management conference *must* precede a motion to amend or dismissal under Rule 12—is facially unreasonable. If nothing else, the Court's September 10, 2018 Order, rescheduling the conference "[d]ue to the pending dispositive motion" alerted Plaintiff's counsel that a ruling was likely to precede, and thus might obviate, the conference. (Dkt. 20; *see also* Dkt. 25.) The emails Plaintiff attached to the motion are of similar, not contrary, import. In light of the Court's scheduling orders and the clear text of the Federal Rules of Civil Procedure, no reasonable attorney in the position of Plaintiff's counsel could have believed that he needed to await either the initial case management conference or the Rule 26(f) conference of counsel in order to amend.[2] Plaintiff offers no authority for his interpretation or to show that such a mistake warrants relief under Rule 59.

6.    Nor can Plaintiff's failure to amend be characterized in a manner that renders his request meritorious. A party's inability to "correct what has—in hindsight—turned out to be a poor strategic decision" does not constitute "manifest injustice." *GenCorp Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "[M]anifest injustice does not exist where … a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Leidos Inc. v. Hellenic Republic,* 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotes omitted).

---

[2] Plaintiff's inaction is made all the more inexplicable by the unilateral right to amend given by Rule 15(a)(1)(B).

Case 3:18-cv-00651   Document 34   Filed 03/07/19   Page 4 of 6 PageID #: 256

7.   Even now, seven months after Defendant moved to dismiss, the Plaintiff still has not provided the Court with his proposed amendment. No explanation has been provided detailing how the Complaint could be amended to result in a viable claim. And if he were to file an actual motion under Rule 15, he would not be entitled to amend at this juncture without meeting the prerequisites for relief under Rule 59, which he has not done. *See Leisure Caviar LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). The Rules do not permit a plaintiff to "use the court as a sounding board to discover holes in [his] arguments, then reopen the case by amending [his] complaint to take account of the court's decision." *Energy Conversion Devices Liquid. Trust v. Trina Solar Ltd.*, 833 F.3d 680, 691 (6th Cir. 2016) (quoting *Leisure Caviar*, 616 F.3d at 616).

8.   Ultimately, Plaintiff's delay did not result from any circumstance justifying relief; it was simply "undue delay"; the Court could properly deny Plaintiff's Motion on just that basis. *See Leisure Caviar*, 616 F.3d at 616.

9.   "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Id.* at 617. Plaintiff's explanation is not even reasonable, much less compelling, and thus fails to provide grounds for revisiting the judgment. *See Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016); *Leisure Caviar*, 616 F.3d at 617. The Plaintiff's motion is, accordingly, meritless and should be denied in its entirety.

Respectfully submitted,

s/ Paul J. Krog
Eugene N. Bulso, Jr. (Tenn. No. 12005)
Paul J. Krog (Tenn. No. 29263)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
615-780-4110
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com

and

Jeffrey S. Patterson, *admitted pro hac vice*
Jacob L. Ramsey, *admitted pro hac vice*
Katrina L. Colwell Arp, *admitted pro hac vice*
HARTLINE DACUS BARGER DREYER LLP
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
214-369-2100 (telephone)
214-369-2118 (facsimile)
jpatterson@hdbdlaw.com
jramsey@hdbdlaw.com
kcolwellarp@hbdlaw.com

*Attorneys for Navistar Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed via the Court's ECF system, which is expected to deliver a copy via electronic means to the following:

Stephen W. Pate
Nathan S. Luna
104 N. Church Street
Murfreesboro, TN 37130
615-893-8920
steve@pateandknott.com
nathan@tnlaw.org

on this, the 7th day of March, 2019.

s/ Paul J. Krog
Paul J. Krog