IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES A. BUNN, SR., d/b/a Bunn Trucking, <br><br> Plaintiff, <br><br> v. <br><br> NAVISTAR, INC., d/b/a International Used Truck Center <br><br> Defendant. | NO. 3:18-cv-00651 <br> JUDGE RICHARDSON |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Alter or Amend (Doc. No. 31). Defendant has filed a response upon the Court's request. (Doc. No. 34.) As discussed below, the motion will be denied.

## BACKGROUND

On January 24, 2019, the Court granted Defendant's Motion to Dismiss and dismissed the case with prejudice. (Doc. No 29.) Plaintiff now asks the Court to reconsider its decision pursuant to Rule 59(e). Specifically, Plaintiff appears to ask the Court to reconsider its dismissal of his TCPA claim based on the theory alleged in Paragraph 45(b). The Court dismissed that part of the complaint because Plaintiff failed to adequately plead it with particularity, as required under Rule 9(b). (Doc. No. 28 at 11-12.) The Court also rejected Plaintiff's argument—that he would be filing a motion to amend what remained of the TCPA claim. (*Id.* at 12.) The Court held:

> [I]t is now approximately eight months after Plaintiff's response was filed, and Plaintiff has not filed a motion to amend the TCPA claim as of the time of this Court's Memorandum and Order. Plaintiff clearly has had ample opportunity to do so. Moreover, Plaintiff's mere statement in his brief that he will file a motion to amend the complaint cannot be considered a proper motion for leave to amend

1

> the complaint because, *inter alia*, Plaintiff has failed to state how he plans to amend the complaint. *See Hasting v. First Cmty. Mortg.*, No. 3:17- CV-00989, 2018 WL 5808727, at *5 (M.D. Tenn. Nov. 6, 2018) (Richardson, J.) ("A bare request in an opposition to a motion to dismiss (or for judgment on the pleadings) without any indication of the particular grounds on which amendment is sought does not constitute a motion within the contemplation of Rule 15(a)."). The Court, therefore, will not allow Plaintiff to replead his complaint based on his unadorned request in his response to Defendant's motion. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (affirming district court's dismissal of the plaintiffs' complaint with prejudice and stating that defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6) absent a motion to amend the complaint accompanied with a memorandum identifying the proposed amendments prior to the court's consideration of the motions to dismiss).

(Doc. No. 28 at 12-13.)

Plaintiff now argues that this ruling was incorrect. (*See* Doc. No. 32.) Specifically, he argues that his failure to file a motion to amend the pleadings was due to a continuous delay in the mandatory initial case management conference. (*Id.* at 2.) Plaintiff argues that he anticipated a discussion of issues regarding amending his pleading at the initial case management conference, and that the Court's order dismissing the case is an abrogation of its own local rules that compel the parties to attend a mandatory initial case management conference to discuss amending the complaint. (*Id.* at 2-3.) Plaintiff further argues that the Court's final judgment modifies its interlocutory order setting the case for an initial case management conference. (*Id.* at 3-4.)

**LEGAL STANDARD**

Plaintiff's motion is brought pursuant to Rule 59(e). A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). This standard "vests significant discretion in district courts."

*Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). The movant, however, may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment was entered. *See Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, Case No. 2:12-cv02668-STA-dkv, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, Civil No. 3:14-CV-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015).

**DISCUSSION**

Plaintiff's argument is nonsensical. The Federal Rules of Civil of Procedure do not state that a party must wait to seek leave to amend a complaint until an initial case management conference. In fact, they allow just the opposite. Under Rule 15(a)(1)(B), a party may amend its pleading "as a matter of course if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Therefore, Plaintiff did not even need to seek leave but instead could have directly responded to Defendant's motion to dismiss with an amended complaint. In addition, under Rule 15(a)(2), a party can amend its pleading with the opposing

3

party's written consent or the court's leave. Rule 15(a)(2) does not say that a party must wait until after an initial case management conference to move for such relief.

Nothing in the Local Rules impairs Plaintiff's right to amend his complaint or seek leave to do so before the initial case management conference. Nor could it. "[L]ocal rules may not displace the Federal Rules of Civil Procedure." *Wilson v. City of Zanesville*, 954 F.2d 349, 352 (6th Cir. 1992). Moreover, as Defendant aptly asserts, the Court's September 10, 2018 Order (Doc. No. 20) rescheduling the initial case management conference due to the pending dispositive motion alerted Plaintiff's counsel to the fact that a ruling on the motion to dismiss may obviate the conference—thus signaling that Plaintiff needed to take any steps to prevent the granting of the motion to dismiss (such as a motion to amend the complaint) *prior to* the case management conference.. Lastly, the Court is bewildered that Plaintiff, even after filing this additional motion regarding leave to amend his complaint, still has not explained to the Court how he would like to do so. As the Court held in its order, Plaintiff's mere statement in his brief that he will file a motion to amend the complaint cannot be considered a proper motion for leave to amend the complaint because Plaintiff has failed to state how he plans to amend the complaint. (Doc. No. 28 at 12.)[1]

Because Plaintiff—through a proper understanding of the Federal Rules of Civil Procedure—could have easily avoided the outcome in this case, the Court finds, contrary to Plaintiff's position, that a manifest injustice has not occurred. *See Leidos, Inc. v. Hellenic Republic*,

---

[1] Plaintiff also argues that his response to Defendant's Motion to Dismiss included in his prayer for relief a request for leave to file a motion to amend his complaint. This, without more, is not a motion for leave to amend a complaint. At best, it is a motion for permission to file a motion, which is improper. *See Southall v. USF Holland, Inc.*, Civ. No. 3:15-01266, Doc. No. 152 (M.D. Tenn. July 24, 2018). Furthermore, even if such a statement could be considered a request for leave to amend a complaint, it is insufficient. As discussed herein, a bare request in an opposition to a motion to dismiss without any indication of the grounds on which amendment is sought does not constitute a motion to amend a complaint within the contemplation of Rule 15(a).

881 F.3d 213, 217 (D.C. Cir. 2018) (stating that manifest injustice does not exist where a party could have easily avoided the outcome). Nor has Plaintiff shown, as discussed above, that the Court committed a clear error of law. Accordingly, Plaintiff has not shown a basis for granting relief under Rule 59(e), and his motion will therefore be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Alter or Amend (Doc. No. 31) will be denied. An appropriate Order will be entered.

*Eli Richardson*
_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE